[Crim. No. 676.    Second Appellate District, Division One.—November 4, 1919.]

## THE PEOPLE, Respondent, v. EVERETT ALLISON, Appellant.

[1] CRIMINAL LAW—RAPE—RELATIONSHIP OF DEFENDANT AND PROSECUTING WITNESS—EVIDENCE.—In this prosecution for rape upon a female under the age of eighteen years, not the wife of the defendant, while there was no direct testimony that the prosecuting witness was not the wife of the defendant, the testimony of the defendant in which he referred to a person as his wife who was other than the victim of his alleged lust, coupled with the testimony of the prosecuting witness, whose name was shown to be different from that of the defendant, that prior to the commission of the offense she never met the defendant and did not know him, justified the conclusion reached by the jury that they were not husband and wife.

[2] ID.—AGE OF PROSECUTING WITNESS—COMPETENCY AND SUFFICIENCY OF TESTIMONY OF WITNESS.—In a prosecution for rape upon a female under the age of eighteen years, not the wife of the defendant, the testimony of the prosecuting witness is competent to show that she is under the age of eighteen years; and where at the trial, on her direct examination, she states that she is sixteen years of age, in the absence of any evidence tending to contradict such statement, it must be deemed sufficient showing that she was under eighteen when the alleged attack was made upon her.

[3] ID.—ESTABLISHMENT OF VENUE—EVIDENCE.—In such a prosecution, a claim that the venue was not established is without merit where the prosecuting witness, in her testimony, identified and described the place where the crime was committed, which place was, by other uncontradicted testimony, shown to be in the county where the defendant was tried.

[4] ID.—ERROR IN ADMISSION OF EVIDENCE—WAIVER OF OBJECTIONS.— Where a party fails by seasonable objection to direct the attention of the trial court to alleged error in the admission of evidence, his position in the appellate court is not such as to entitle him to complain of the evidence so admitted.

---

1. Proof of nonmarriage in prosecution for rape, note, **Ann. Cas.** 1912B, 114.

2. Proof of *corpus delicti* in prosecution for rape, notes, 68 **L. R. A.** 56, 70, 71, 73; **L. R. A.** 1916B, 747.

APPEAL from a judgment of the Superior Court of Tulare County, and from an order denying a new trial. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. F. Pryor and Lamberson & Lamberson for Appellant.

U. S. Webb, Attorney-General, Joseph L. Lewinsohn, Deputy Attorney-General, and Jerry H. Powell for Respondent.

. SHAW, J.—Upon an information charging him therewith, defendant was convicted of rape alleged to have been committed in Tulare County upon a female under the age of eighteen years, who was not his wife. Judgment followed, from which and an order denying his motion for a new trial, defendant appeals.

[1] The first point urged in support of a reversal of the judgment and order is insufficiency of the evidence to show that the prosecuting witness was not the wife of defendant. As in the case of *People* v. *Bonzani,* 24 Cal. App. 549, [141 Pac. 1062], involving a like question, there was no direct testimony upon the point; nevertheless, the character of the evidence was such as to exclude the existence of such relationship. Not only in his testimony did defendant refer to a person as his wife who was other than the victim of his alleged lust, but the prosecuting witness, whose name was shown to be different from that of defendant, testified that prior to the commission of the offense she never met defendant and did not know him. The conclusion based upon a fair inference to be drawn from such testimony is that reached by the jury, that they were not husband and wife when the crime alleged was committed.

[2] That the testimony of the prosecuting witness was competent to show that she was under eighteen years of age admits of no question. (*People* v. *Ratz,* 115 Cal. 132, [46 Pac. 915].) At the trial, on her direct examination, she stated that she was sixteen years of age, and, in the absence of any evidence tending to contradict such statement, it must be deemed a sufficient showing that she was under eighteen when the alleged attack was made upon her.

[3] The claim that the venue was not established is likewise without merit. The prosecuting witness, in her testimony, identified and described the place where the crime was committed, which place was, by other uncontradicted testimony, shown to be in Tulare County.

[4] It is finally claimed that the court erred in receiving in evidence a garment worn by the prosecuting witness at the time in question, upon which there were certain stains, the nature of which, however, was not shown. Considering the entire testimony, and conceding this evidence to have been incompetent, as claimed, the jury could not have been influenced thereby in reaching its verdict. However this may be, and conceding it was prejudicial, no objection whatsoever was made to the evidence when offered. Having failed by seasonable objection to direct the attention of the trial court to the alleged error, appellant's position in this court is not such as entitles him to complain of the evidence so admitted. (*People* v. *Wilson*, 36 Cal. App. 589, [172 Pac. 1116].)

We find no merit whatsoever in the appeal. The judgment and order denying defendant's motion for a new trial are affirmed.

Conrey, P. J., and James, J., concurred.