[Crim. No. 875.   Third Appellate District.—January 11, 1926.]

THE PEOPLE, Respondent, v. RILEY ADAMS, Appellant.

[1] CRIMINAL LAW—ASSAULT WITH DEADLY WEAPON—SELF-DEFENSE—VERDICT—APPEAL.—In this prosecution in which defendant was charged with the offense of assault with intent to commit murder and convicted of the crime of assault with a deadly weapon, the evidence was sufficient to support the verdict of the jury of assault with a deadly weapon, and the finding of the jury upon the question as to whether the act was in necessary self-defense is binding upon appeal.

[2] ID.—DRAWING OF WEAPON—INTENT—INSTRUCTION.—In such prosecution, the trial court did not commit error in refusing to give an instruction that "I instruct you that the drawing of a weapon is generally evidence of an intention to use it. Though the drawing itself is evidence of the intent, yet that evidence may be rebutted when the act is accompanied with a declaration, or circumstances, showing no intention to use it. But when the party draws the weapon, although he does not directly point it at the other, but holds it in such a position as enables him to use it before the other party could defend himself, at the same time declaring his intention to use it against the other, the jury are fully warranted in finding that such was his intention."

[3] Id. — Language Used in Opinion on Appeal — Instructions. —
While the language used in an opinion of the court deciding a
case may properly state the law applicable thereto, it by no means,
in all cases, constitutes language proper to be addressed to a jury
in the form of an instruction.

(1) 5 C. J., p. 791, n. 24; 17 C. J., p. 270, n. 18.   (2) 16 C. J.,
p. 940, n. 46.   (3) 16 C. J., p. 968, n. 93; 30 C. J., p. 419, n. 14.

APPEAL from a judgment of the Superior Court of
Sonoma County and from an order denying a new trial.
Ross Campbell, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. Harold McAlpine for Respondent.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was charged with the of-
fense of assault with intent to commit murder and convicted
of the crime of assault with a deadly weapon and appeals
to this court from the order denying his motion for a new
trial and from the judgment pronounced upon the verdict
finding him guilty as stated.

The transcript shows that the defendant and the com-
plaining witness were brothers; that on or about the seven-
teenth day of January, 1925, the defendant and his brother,
after securing a supply of wine, repaired to the home of the
brother of the defendant, and while there consumed a con-
siderable quantity of the wine theretofore procured; that both
the defendant and his brother became intoxicated; that while
in such condition an altercation arose between them concern-
ing former family differences; that the brother of the de-
fendant, while seated upon a bed, used some opprobrious
language toward the defendant, and, as claimed by the de-
fendant, made threats against his life and reached for a
gun; that the defendant seized a gun and hit his brother over
the head, rendering him more or less unconscious and causing
the blood to stream from the wound inflicted by the blow;

3.   See 8 Cal. Jur. 321; 14 R. C. L. 756.

that thereafter, the defendant gathered up all the rifles in the house of his brother, of which there appear to have been several, took them outside of the house in which they had the altercation referred to and threw the guns away; that defendant examined his brother to ascertain whether he had inflicted a fatal wound, took his departure, and on his way from his brother's residence stated to a witness that he and his brother had had a little trouble, "I hit him over the head, laid him out," and "what I hate about it is, my dog is over there, and I don't like to go back after him," and, further, "he was lying on the bed, blood running out of his head, and if I didn't kill him, I probably knocked some sense into him." [1] Without going over the testimony in detail, it is enough to say that there is sufficient evidence to support the verdict of the jury of assault with a deadly weapon. On the part of the defendant it is claimed that his act was in necessary self-defense, but the finding of the jury upon this question by the verdict of the jury upon the evidence which shows the character of the trouble between the brothers and the assault by the defendant is binding upon this court.

[2] The principal objection urged by the appellant is the refusal of the trial court to give an instruction to the jury couched in the following language: "I instruct you that the drawing of a weapon is generally evidence of an intention to use it. Though the drawing itself is evidence of the intent, yet that evidence may be rebutted when the act is accompanied with a declaration, or circumstances, showing no intention to use it. But when the party draws the weapon, although he does not directly point it at the other, but holds it in such a position as enables him to use it before the other party could defend himself, at the same time declaring his intention to use it against the other, the jury are fully warranted in finding that such was his intention."

In support of this proffered instruction the appellant cites the case of *People* v. *McMakin,* 8 Cal. 548, where it appears that this identical language is used in the opinion of the court in deciding the questions there presented. In that case, the assault consisted of drawing a revolver and holding it in such a position that it could be readily used, though if discharged in the position in which it was held the bullet

would strike the ground before reaching the person assaulted. In considering the testimony in that case, the character of the assault and the declarations made by the person charged with the assault, the court in its opinion used the language which was offered as a proposed instruction in this case. It will be observed upon an examination of the case of *People* v. *McMakin, supra,* that the proposed instruction in this case was not given in that case, that the language used by the court in the McMakin case was simply a statement of the reasons why the judgment should be upheld, and was not intended  as a statement of the law, proper to be given to a jury.  The first sentence of the proposed instruction is objectionable, in that it practically would amount to an instruction upon the facts, and then when it comes to dealing with the question of intent, while sufficiently clear to be understood by one conversant with legal principles, would be practically meaningless when addressed to a jury.  [3]  It may be stated that generally while the language used in an opinion of the court deciding a case may properly state the law applicable thereto, it, by no means, in all cases, constitutes language proper to be addressed to a jury in the form of an instruction.  This, we think, is true of the language of the court used in deciding the McMakin case.

An examination of the transcript shows that the court properly instructed the jury on the law concerning self-defense, and, among other instructions, gave the following, which distinctly refers to the acts of the assaulted party as constituting justification for the defendant's acts and properly presented to the jury the question of self-defense.  The instruction referred to is as follows: "I instruct you that should you find from the evidence in this case that the person alleged to have been assaulted herein conducted himself in such a fashion just prior to the alleged assault of the defendant upon such person that the life of the said defendant was endangered by such conduct or that the defendant had such fear as a reasonable man might, under such circumstances, have had, that great bodily harm or death might result to him, and that the use of the deadly weapon was for such reason necessary, that you would also be warranted in finding, and should, under the law so find, that the use by the defendant of such deadly weapon was justified by him

and your verdict in such case should be one of 'not guilty' of the offense as charged in the information, or of the offense of assault with a deadly weapon.''

There being no other question tendered upon this appeal, it follows that the order denying the defendant's motion for a new trial and the judgment herein are affirmed.

Hart, J., and Finch, P. J., concurred.