[Crim. No. 199. Fourth Appellate District.—March 12, 1937.]

THE PEOPLE, Respondent, v. FRANCISCO RILARCOSA, Appellant.

Morris B. Chain for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced after a jury had found defendant guilty of manslaughter and also from an order denying his motion for new trial. Defendant urges that the evidence is conclusive that he acted in self-defense when he shot deceased and complains of one instruction given by the trial judge.

Defendant and deceased attended a dance held in Delano on the evening of September 19, 1936. Defendant left the dance hall first, but waited on the sidewalk near by. Deceased and several of his friends left the dance hall about thirty minutes later. A few moments before deceased was shot defendant said to him, ''Don't come close to me'', and, ''Get away from me.'' Defendant took a step backward and shot deceased. There is evidence that deceased was not armed and there is also evidence that he did not stab or threaten defendant. Several persons were standing close to the two men and one of them disarmed defendant. None of the witnesses saw any of these bystanders armed with a knife nor did any of them see anyone stab defendant. Defendant and his witnesses testified that deceased was armed with a knife and that he stabbed defendant before the fatal shot was fired. Defendant does not urge that deceased and his friends were acting in concert.

After the shooting, and after defendant was disarmed, he ran across the street and into a cafe. He had blood on

his trousers when he entered this building. A brawl took place there between defendant and others. When defendant was arrested in the cafe there were wounds on his back, his thigh, and on his leg. There is uncontradicted evidence that these wounds were inflicted by some sharp instrument like a knife and that they were not inflicted after defendant left the scene of the killing.

What the defendant might have done in self-defense depends, first, upon his own conduct, and, second, upon the conduct of deceased, in the absence of evidence showing that deceased and his companions were acting together. (*People* v. *Hecker,* 109 Cal. 451 [42 Pac. 307, 30 L. R. A. 403].) There is evidence to the effect that deceased was not armed and that he neither made an attack on defendant nor threatened him in any manner. If the jury believed this evidence and also concluded that defendant was stabbed at the scene of the killing then that body must have concluded that the knife wounds were inflicted by some undisclosed person other than deceased and that the person wielding the knife was not acting with or for deceased. Of course, this theory, while supported by evidence, is contradicted by defendant and his witnesses.

This constitutes a state of the record somewhat similar to that before the court in the case of *People* v. *Miller,* 114 Cal. App. 293 [299 Pac. 742], where it is said:

"The killing being admitted, and the conduct of the defendant prior to the killing being apparently free from fault— it is a question for the jury to decide, from all the circumstances attending the homicide, whether the conduct of the deceased preceding and at the time of the killing was sufficient to justify the defendant in an honest belief, as a reasonable man, that he was in danger of his life or of immediate bodily harm from the hands of the deceased; and if the evidence be substantially conflicting on that question, and the reasonable inference may be drawn therefrom that the killing was not justified, but was the result of passion suddenly inflamed from vile epithets hurled by the deceased at defendant, or that the force used was clearly greater than was necessary and wholly disproportionate to any injury offered or given and that defendant acted in a spirit of revenge, the verdict is sufficiently supported. (*People* v.

*Brown,* 15 Cal. App. 393 [114 Pac. 1004]; *People* v. *Hecker, supra.*)''

In the instant case the testimony on the question of the sufficiency of the evidence to show a justifiable killing in self-defense being in conflict, we cannot disturb the implied findings of the jury upon that question.

■ Defendant complains of one instruction given by the trial court on self-defense and relies upon *People* v. *Logan,* 175 Cal. 45 [164 Pac. 1121], to support his argument that the instruction was prejudicially erroneous. The instruction criticized in the Logan case is not similar to the instruction in question here.

We have examined all of the instructions given and find none of them prejudicially erroneous.

The judgment and order appealed from are affirmed.

Barnard, P. J., and Jennings, J., concurred.