[Crim. No. 4488.   Second Dist., Div. Three.   Oct. 27, 1950.]

THE PEOPLE, Respondent, v. FLOYD P. BROWN, Appellant.

Eugene V. McPherson for Appellant.

Fred N. Howser, Attorney General, and Elizabeth Miller, Deputy Attorney General, for Respondent.

WOOD (Parker), J.—Defendant was charged with the crime of rape. Trial by jury was waived. He was convicted, and he appeals from the judgment. His contention is that the evidence was insufficient to support the judgment.

■■ On November 3, 1949, about 1 p. m., a Miss Jones, who was 17 years of age and not married to appellant, went to the home of appellant in Los Angeles, pursuant to directions of an employment agency, to obtain employment as a house cleaner. Appellant told her what her duties would be and that he wanted her to work six hours a day for three days. She said she would be satisfied with the employment. Then a man came to the house and talked to defendant about 20 minutes. After that man had gone the defendant said, according to the testimony of Miss Jones, that he would pay her $10 to work 15 or 30 minutes. She testified further as follows: She replied that she did not want the job; she started toward the door, and he ran in front of her and locked the door and then pushed her into the bedroom; he told her he did not want anybody to work, but he wanted someone to have sexual intercourse with; he took her clothes off and pushed her onto the bed; he took his clothes off, except his undershirt; he had sexual intercourse with her; then the doorbell rang and he went to the door and talked to a man; when he went to the door he took her shoes with him; then she put her clothes on, except her shoes, and went into the front room; when the man came into the house the appellant, who then had her shoes in his hand, pushed her and told her to sit down; she sat down, and then she jumped up, ran out the door and went home; she screamed and cried all the time after he pushed her into the bedroom.

A police officer testified that on November 3, 1949, appellant told him and another officer that the prosecutrix was sent to his house by an employment agency to do some housework and that she just sat around and didn't want to work; she said she was 20 years of age; he tried to give her some money and he took her into the bedroom; she took her clothes off and got into bed; she then told him she was 17 years of age; he had sexual intercourse with her; after a while he heard a knock at the door, and when he opened the door the girl ran away; appellant told him that he had no idea where the girl's shoes were; on the next day, the appellant told him that her shoes were in a certain closet at his home; the officer went to the home and found the shoes in that closet.

Appellant testified that the prosecutrix came to his house in response to his request that an employment agency send someone to do house cleaning; he told her what her duties would be, and she said ''All right''; she did not start to work, but just sat there; she said she had to make $10 that day, and she offered to have sexual intercourse with him for that amount; he gave her $10, and while they were undressing the doorbell rang; he went to the door and opened it and talked approximately five minutes to the man who had come to the house; during that time the girl went away, but she left her shoes in the bedroom; the girl did not scream. He also testified that the officers told him that he should say he was with the girl even though he had not been with her, and if he did say he had been with her they would arrest her and would release him in a few hours; he replied that he wanted to get out of jail and that he would make the statement requested; that by reason of such statement by the officers he said he had sexual intercourse with the girl.

Appellant asserts, in support of his contention regarding the insufficiency of the evidence, that the testimony of the prosecutrix was uncorroborated with the exception of the alleged statement of appellant to the officers; that there was no corroboration as to the age of prosecutrix; that the testimony of prosecutrix was inherently improbable. ■ It is not essential, in a prosecution upon a charge of rape, that the testimony of the prosecutrix be corroborated. (*People* v. *Gidney,* 10 Cal.2d 138, 143 [73 P.2d 1186].) ■ The testimony of the prosecutrix, however, was corroborated by the testimony of the officer that appellant said he had sexual intercourse with the prosecutrix. ■ The prosecutrix' testimony as to her age need not be corroborated. (*People* v. *Allison,* 44 Cal.App. 118, 119 [185 P. 992].) ■ Inherently improbable testimony involves a claim that something has been done that it would not seem possible could be done under the circumstances described, or involves conduct that no one but an insane person would be likely to do. (*People* v. *Haydon,* 18 Cal.App. 543, 555-556 [123 P. 1102, 1114]; *People* v. *Loehr,* 35 Cal.App.2d 1, 5 [94 P.2d 390].) The testimony of the prosecutrix herein was not inherently improbable. The evidence was sufficient to support the judgment.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.