[Crim. No. 2352.    Third Dist.    Oct. 22, 1952.]

THE PEOPLE, Respondent, v. WILLIAM GEROLD MILTON CARR, JR., Appellant.

Frank Loria for Appellant.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

VAN DYKE, J.—Defendant and appellant was accused by information in Stanislaus County of the crimes of rape and kidnaping. Just before the trial the kidnaping count was dismissed. Upon the charge of rape appellant was convicted, and from the judgment following and from the court's denial of his motion for a new trial he prosecutes this appeal. In support thereof he advances the following contentions: 1. The evidence relied upon by the prosecution is inherently improbable and worthy of no credence; 2. Newly discovered evidence required the granting of a new trial; 3. The district attorney was guilty of such prejudicial misconduct as to warrant a reversal; 4. Defendant by reason of the prevalent public agitation at the time of trial concerning sex offenses was denied a fair trial; and 5. The compelling of defendant upon cross-examination to admit prior felonies, though purportedly done for the purpose of impeachment, under the circumstances so degraded defendant and prejudiced the jury against him as to amount to denial of a fair trial.

At the oral argument counsel for appellant stated that as to contentions 4 and 5 above he realized that the record would not support them as a matter of law, but nevertheless desired this court to consider them as in support of the other three contentions.

The complaining witness and a girl companion went to Modesto from Riverbank with appellant and a friend of his, one Wayne Christian. During the course of the evening the party stopped at two bars where the men drank beer. The couples danced and otherwise amused themselves until closing time and then went to a small house known as the "Gooch Place" over the remonstrance of the two girls who, due to the lateness of the hour, asked that they be taken back to their home. Their requests were not heeded. Upon arriving at the cottage the companion of the complaining witness was dragged from the car by appellant's friend when appellant stated that he wanted to talk to the complaining witness alone. During that talk she refused to go into the house with appellant and he hit her back of the ear. After a short altercation between the two men the girls went into the house, and, before the men followed, endeavored to find a way of escape through the back but could not. The telephone had been disconnected and the windows and screens nailed shut. When the men came into the house appellant asked the complaining witness to go into the bedroom with him and when she refused he pulled her

from the couch on which she had been sitting and dragged her through the door even though her companion tried to stop them. The complaining witness struggled, kicked him and tried to scream, but he threw her on the bed, choked her with one hand, undressed her with the other, extinguished on her arm the cigarette he had been smoking, causing a blister or burn, and compelled her to submit to intercourse.

The foregoing statement, in accordance with the rule on appeal, contains testimony more favorable to the prosecution than to the defense. Nevertheless, corroborated as it was as to many points by the complaining witness' companion and even by appellant's own companion, it was amply sufficient to support the verdict of conviction. It is true that there is much other evidence which is contradictory of the foregoing, including the testimony of appellant who, while admitting intercourse, testified that it was with the consent of the complaining witness.

The evidence we have stated is not inherently improbable in any way. ██ The claim that testimony is inherently improbable and unworthy of belief involves a claim that something has been done that would ordinarily have been impossible to have been done under the circumstances described; or it involves conduct that no sane person would likely be guilty of. (*People* v. *Haydon,* 18 Cal.App. 543, 555-556 [123 P. 1102, 1114] ; *People* v. *Loehr,* 35 Cal.App.2d 1, 5 [94 P.2d 390] ; *People* v. *Brown,* 100 Cal.App.2d 207, 209 [223 P.2d 60].) The evidence here fits neither category.

Appellant relies a great deal upon the following matters: Several people living very close to the small house in which the alleged rape occurred testified that they heard no sound indicating any altercation, and no screaming. The prosecutrix testified that she screamed at various intervals before and during the consummation of the rape. She admitted she had falsified at a preliminary examination in respect to matters occurring after the commission of the assault. (After the close of the trial the prosecutrix was informed against for this perjury by the district attorney.) But these and like matters pointed out by the appellant do no more than raise a conflict. They do not render the testimony upon which the prosecution relied either incredible or inherently improbable. Such conflicts appear often during the trial of cases, and witnesses creating conflicts by their testimony may often so testify as to make it necessary that one or the other be disbelieved. But when the trier of fact has chosen to believe one

side as against the other an appellate tribunal is bound. The presence of the conflict, however sharp, does not, merely because it is a conflict, justify a rejection of the evidence so believed, and a setting aside of the judgment as being unsupported by the evidence.

Appellant moved for a new trial and through affidavit purported to show the following: five out of seven witnesses which he had subpoenaed and who had told counsel for appellant that they would testify to the prosecutrix' bad reputation in the community for truth and chastity failed to do so when sworn as witnesses in the cause. Why they so conducted themselves was not explained. Two of the seven did testify to her bad reputation as to truth and chastity. Appellant presented to the court in support of his motion the affidavit of a number of witnesses to the effect that, if given an opportunity, they would testify that the reputation of the prosecutrix for truth and chastity in that community was bad. He presented also an affidavit of one La Verne Walker who had been occupying the house in which the offense was committed and who said she would testify that the appellant's companion had declared to affiant that he and the appellant had during the evening, with the willing cooperation of the two women involved, helped themselves indiscriminately to both. She offered to give further evidence that would tend to contradict the testimony of the prosecutrix as to the cigarette episode. Appellant presented further the affidavit of a 14-year-old girl who had been hired as a baby sitter for the infant children of the prosecutrix and her woman companion to the effect that when the four people, after the occurrence of the crime, returned to the home of the two women there were no acts or conduct which would indicate that such a crime had occurred. In view of the testimony which supported the verdict, these matters in support of the motion for new trial presented nothing more to the trial court than a choice, within the discretion of that court, as to whether a retrial should, or should not, be had. There is nothing therein to justify this court on appeal in declaring that the trial court abused its discretion when it denied appellant's motion. The foregoing is said after considering, as requested by appellant, the matter of prevalent public agitation as to sex offenses, the impeaching questions concerning prior felonies asked of appellant and the alleged misconduct of the district attorney.

Appellant charges misconduct of the prosecuting attorney. His companion, Christian, was charged along with

appellant and for the same crimes. Just before the trial began, however, both charges were dismissed as to Christian, whereupon appellant was, as he states it, compelled to subpoena Christian as a witness and so lost the opportunity he would have had of impeaching Christian, had he testified against appellant, by placing on the stand La Verne Walker to testify as to what Christian had told her concerning the affair. We see nothing in the conduct of the district attorney which could be classed as misconduct, let alone prejudicial misconduct. He was not obliged to prosecute Christian insofar as the case against appellant was concerned. What the record shows as to the district attorney's impeaching questions concerning prior felonies, which questions he directed to appellant while appellant was on the stand on his own behalf, is that the usual questions were asked in the usual way. Appellant says that the district attorney's manner in asking the questions was obviously calculated to degrade and prejudice the defendant. The record shows the court acted quickly to limit the examination to the bare questions concerning the commission of the felonies and the nature thereof. This record does not show misconduct.

■ Appellant again attacks the district attorney because he failed, as appellant designates it, to call as a witness the baby sitter. But here again the district attorney was under no obligation to do so.

■ Appellant returns to the attack, charging misconduct because the district attorney refused to visit him in jail upon his request and in order that he might tell the district attorney his version of the matter. The district attorney was under no legal obligation so to do.

■ Appellant charges that the district attorney in his argument to the jury excited their sympathy for the complaining witness by referring to tears she shed while on the stand, whereas he referred to the appellant as a sex-crazed hoodlum from whose ravishing the complaining witness was entitled to be free, no matter how base her character might be. The designation was based upon testimony that while the act charged was being perpetrated the companion of the prosecuting witness asked Christian to interfere and he replied that there was no use to try as nothing could stop appellant when in that mood. The designation was also supported by the testimony of the prosecuting witness that appellant had struck her, choked her and burned her arm with his cigarette. No misconduct is shown.

Complaint is likewise made that the district attorney did not inform against the prosecuting witness for perjury until after appellant's conviction on the charge of rape. We are unable to see that the prosecutor, if he believed appellant to be guilty as charged, should begin the prosecution of appellant's victim, for perjury, any sooner than he did. It may be true, as appellant argues, that had the information for perjury preceded the trial it would have made appellant's conviction unlikely, but that does not mean that the district attorney was bound in any way to prejudice his side of the case, if it would thus have been prejudiced. Besides, the fact of perjury, for which she was later informed against, was admitted by the prosecutrix during her cross-examination at the trial. Whatever benefit would have resulted from an information could not materially have exceeded that which appellant gained by the admission of perjury before the jury during the trial.

The record shows, and no contrary claim is made, that the jury was fully and fairly instructed and were by the trial court given the required cautionary instructions.

The judgment and the order appealed from are affirmed.

Peek, J., and Schottky, J. pro tem., concurred.