[Crim. No. 3628.    First Dist., Div. Two.    July 27, 1959.]

THE PEOPLE, Respondent, v. MILLARD PATTERSON et al., Appellants.

Brown, Smith & Taber for Appellants.

Stanley Mosk, Attorney General, and Albert W. Harris, Jr., Deputy Attorney General, for Respondent.

DOOLING, J.—Defendants were convicted of first degree robbery and first degree burglary. (Pen. Code, §§ 211, 459.) They appeal from the judgments and from the denial of their motions for a new trial.

The evidence shows that on November 24, 1957, at about 12:15 a. m. the night watchman at 111 Sutter Building in San Francisco admitted appellants into the building and when he asked them to sign a register, each man indicated a gun tucked in his trouser band. The watchman was directed to take appellants to the 18th floor. On this floor appellants, using the watchman's keys, entered an office. The watchman was made to stand in a locker and appellant Warner "covered" him with a revolver. He could not see Patterson but could hear the sound of drawers being opened and closed. Later the watchman was made to lie face down on the floor, his hands and feet were bound, and he was gagged with a towel. His wallet was taken by Patterson and his money was removed. Later it was discovered that offices on the 18th and 22d floors had been entered, drawers had been opened, and it appeared that someone had attempted to open file cabinets. When the police arrived at 2 a. m. they found appellants inside a walk-in refrigerator in the B-G Restaurant located in the building. At this time the watchman positively identified appellants as the men who forced their way into the building and robbed him. Two guns were found in the refrigerator, an automatic pistol in a mustard crock and a revolver in a pickle crock.

Appellants do not suggest that the evidence does not

support the judgments nor do they indicate any errors occurring at trial. They point to the fact that the reporter's transcript was filed more than six months after the filing of their notice of appeal. The rules on appeal provide that the reporter's transcript shall be filed within 20 days after the filing of the notice of appeal and that such period may be extended for an additional 60 days. (Rule 35(b) and (d).)

With no citation of authority appellants assert that they should be released from prison because they have been deprived of their right to a speedy trial and appeal therefrom, ". . . a right which is guaranteed to all citizens under the Constitutional provisions of due process and equal protection."

There is clearly no merit to the contention. A similar argument was presented in *People* v. *Harrison,* 129 Cal.App. 2d 197 [276 P.2d 188], and while the delay in filing the transcript was not so long the court said (p. 203): ". . . the fact that there may have been some unjustified delay in preparing the transcript could have no bearing upon the validity of the matters which preceded the filing of the appeal or upon the merits of the appeal."

█ Appellants contend also that they were denied due process of law in that their attorney at the trial did not represent their interests.

A reading of the record indicates that there is no merit to this assertion. Appellants cite the statements of their counsel to Warner, "Don't be coy with me, Mr. Warner" and "Well, don't be coy, now." It is difficult to find anything "devastating" to appellants in these two comments. █ The following statement is cited to indicate prejudicial misconduct. "And during that time, you owned bake shops in how many different locations and gone through some—well, no—how much time have you had with this so called robbery business?" The People objected and the question was stricken. It would seem clear that the attorney was attempting to be sarcastic. The questions prior to and after the one cited elicited testimony that since 1928, appellant Warner had owned and operated legitimate businesses and from 1928 until the day of his arrest he had been off work only three weeks. The statement could not have prejudiced Warner.

█ Appellants submit that there must have been other instances of misconduct that do not appear in the record. They cite statements of the trial judge, made outside the presence of the jury:

"THE COURT: The motion for mistrial is denied.

"And, at this time—I do this with extreme regret, Mr. Dana, and with great reluctance—I don't know what the difficulty is, but the jury has possibly some reason to wonder what causes your mannerisms before the jury. I know that they are blameless and I am not censuring you in any manner, whatever, but I have been bothered about the situation.

"MR. DANA: Has the jury made some comment?

"THE COURT: Pardon?

"MR. DANA: Has the jury made some comment?

"THE COURT: No, there has been no comment, at all, but I have observed your demeanor, your manner and so forth; whether it is physical ailment or physical disability, or what it is, I do not know and I do not want to pass upon it at this time, but I am very anxious to see it does not prejudice your clients. But, I have to keep the case within bounds and I have to stop unnecessary eruptions of counsel and comments of counsel and I will do that whether the District Attorney is guilty or defense counsel is guilty, and I always have.

"The motion for mistrial is denied.

"MR. DANA: Well, if there is any knowledge of the Judge that the jury are prejudiced at this point——

"THE COURT: There has been no comment, at all, made by the jury at all [sic].

"MR. DANA: Well, I mean, anything to indicate that, then I think——

"THE COURT: No, there is nothing at all, but it is only the impression that I have, myself, and I don't know, I have no reason to think that the jury shares the impression the Court has, but I am just telling you so I hope you will try and be circumspect, as conditions permit.

"MR. DANA: Well, your Honor, I try to be circumspect. I always try to fight my case.

"THE COURT: I don't mind your putting up a vigorous battle. You are making a splendid defense for your clients by conducting an able and vigorous cross-examination and direct examination, and I am not criticizing your legal ability, at all, I have the highest respect for you, Paul.

"MR. DANA: Well, with respect to any mannerism that I have displayed—this could be on or off the record—I would appreciate you telling me and——

"THE COURT: No, I will let it go. I have characterized it as far as I think is proper, for the record.

"MR. DANA: All right. Thank you.

338

"The Court: I think we understand one another."

The trial judge did not consider that the actions of the attorney warranted the granting of a mistrial; in fact, he stated that "You are making a splendid defense . . ." ▆ As stated in *People* v. *Wein*, 50 Cal.2d 383, 410 [326 P.2d 457] : "The handling of the defense by counsel of the accused's own choice will not be declared inadequate except in those rare cases where his counsel displays such lack of diligence and competence as to reduce the trial to a 'farce or a sham.' "

The proof of defendants' guilt was positive and complete and it is impossible in the state of this record to find any prejudice to appellants in any of the matters urged on this appeal.

Judgments and orders denying new trial affirmed.

Kaufman, P. J., and Draper, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 22, 1959.