[Crim. No. 1271.   Fourth Dist.   Dec. 14, 1959.]

THE PEOPLE, Respondent, v. WILLIAM RICHARD-
SON, JR., Appellant.

William Richardson, Jr., in pro. per., for Appellant.

Stanley Mosk, Attorney General, William E. James, As-
sistant Attorney General, and Marvin L. Part, Deputy At-
torney General, for Respondent.

GRIFFIN, P. J.—Defendant appeals from a judgment
entered upon a jury verdict finding him guilty of two offenses
of assault with a deadly weapon in violation of Penal Code,
section 245. He admitted two prior convictions of armed rob-
bery for which he had served separate terms in the Texas
State Prison.

The evidence disclosed that on January 6, 1959, defendant
was in the drunk tank of the Fresno County jail. At that

time, one Mason, a fellow prisoner, repulsed defendant's attempts to rifle his pockets and defendant became angry, took a razor blade from his pocket and cut Mason on the face, head and fingers. A search of defendant's person uncovered a razor blade in a match box. Blood was observed on defendant's clothing. When interrogated about this incident, the defendant said that Mason had called him a nigger and he had cut Mason. Mason's cuts required 25 to 30 sutures and the attending physician was of the opinion that they were caused by a sharp instrument.

The second count charged an offense which occurred on May 1, 1958, in the drunk tank of the Fresno County jail. The defendant grabbed a fellow prisoner, one Sorrondo, and cut him several times with a razor blade. At the request of Sergeant Prevost, who was in charge of the jail, the defendant dropped a single-edged razor blade to the floor. The defendant told Prevost, "This won't do you any good, because it is already washed." There were bloodstains on the dull edge of the blade.

Defendant testified that he cut Mason in self-defense and that Sorrondo was cut by an unknown third person during a scuffle in the cell.

Upon defendant's request that counsel be appointed to represent him on appeal, both defendant and his trial counsel were asked to inform this court of possible meritorious grounds of appeal. Defendant did not reply but his trial counsel informed the court that, in his opinion, no reversible errors occurred during the trial. An independent examination of the record was made by the court which determined that it would not be of value to the defendant or helpful to the court to have appellate counsel appointed. (*People* v. *Hyde,* 51 Cal.2d 152 [331 P.2d 42] ; *People* v. *Marsh,* 170 Cal.App.2d 284 [338 P.2d 495].)

There was sufficient evidence of defendant's guilt of the offenses charged. Each of the victims identified the defendant as the person who had cut him. This testimony alone would be enough to support the verdict of the jury. (*People* v. *Kersey,* 154 Cal.App.2d 364, 367 [316 P.2d 52].)

A razor blade, depending on the circumstances of its use, may be a deadly weapon. (*People* v. *Wheeler,* 75 Cal. App.2d 360 [171 P.2d 62] (razor) ; *People* v. *Russell,* 59 Cal. App.2d 660, 665 [5] [139 P.2d 661] (fingernail file).)

This is a question of fact for the jury under proper instructions and the jury in this case, from sufficient evidence,

decided that question against defendant. That decision, properly made, is final. (*People* v. *Kersey*, 154 Cal.App.2d 364, 366 [1] [316 P.2d 52].) No words of abuse, insult, or reproach, no matter how grievous, will justify an assault with a deadly weapon. (*People* v. *Mueller*, 147 Cal.App.2d 233, 239 [305 P.2d 178].)

Defendant's counsel at the trial provided a vigorous defense which amply satisfied the requirements imposed by law. (*People* v. *Patterson*, 172 Cal.App.2d 334 [342 P.2d 272].) The case was tried without error. The attorney general, in a complete analysis of the evidence and recitation of the law involved, has reached the same conclusion in a memorandum filed in lieu of a brief.

The judgment is affirmed.

Mussell, J., and Shepard, J., concurred.