447 P.2d 375

The STATE of Utah, Plaintiff
and Respondent,

v.

Steven A. IRELAND, Defendant
and Appellant.

No. 11127.

Supreme Court of Utah.

Dec. 2, 1968.

David M. Bown, Salt Lake City, for defendant and appellant.

Phil L. Hansen, Atty. Gen., Gerald G. Gundry, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The defendant was charged in the court below with the crime of assaulting a prison guard with malice aforethought.[1] At the conclusion of the trial the jury returned the verdict finding the defendant guilty of assaulting a prison guard without malice

1. Sec. 76–7–12, U.C.A.1953, as amended by Laws of 1957.

an included offense.[2] From the verdict and the judgment of the court sentencing the defendant to a further prison term the defendant appealed to this court.

The defendant, Steven A. Ireland, was an inmate of the Utah State Prison serving a term for the crime of burglary in the second degree. On April 1, 1966, the defendant was incarcerated in one of the maximum security units at the prison. On that day an altercation occurred between the defendant and a prison guard by the name of Jay Jones. There was evidence that during the affray the defendant was holding Jones against the bars of the cell block and had a razor blade pressed against the neck of Jones. The defendant also made a threat to kill Jones if another guard who came upon the scene intervened. The defendant denied having used the razor blade during the affray with the prison guard.

At the conclusion of the evidence the court instructed the jury as to the elements of the crime charged and defined the term "deadly weapon" in the following language:

A "deadly weapon" or "instrument" is an object, instrument, or weapon, which used in the manner in which it appears to have been used, is capable of producing, and is likely to produce death or great bodily injury.

2. Sec. 76–7–11, U.C.A.1953, as amended by Laws of 1957.

After the jury had retired to deliberate upon its verdict the jury returned ·to the courtroom and requested further instructions from the court. The members of the jury requested further enlightenment upon the problem of what constitutes a deadly weapon. The court by words and gestures indicated that a fist might be a deadly weapon. However, the court indicated that his comment pertaining to a fist may not have application to the present case.

■ A razor blade is an instrument of utility and in its ordinary use is not considered a dangerous or deadly instrument. In a case such as we have before us it was of great importance that the jury determine whether or not the razor blade used in the manner in which it may have been used by the defendant rendered it a dangerous weapon or instrument.[3] The further instructions given by the court to the jury upon this problem may well have directed the minds of the jury away from what appears to be the critical issue in the case. We are of the opinion that the comment of the court indicating that a fist might under certain circumstances become a deadly or dangerous weapon was erroneous and prejudicially so.

■ It is quite clear from the evidence in this case that if the defendant did in fact strike the prison guard with his hands and fists the jury might reasonably conclude

3. People v. Richardson, 176 Cal.App.2d 238, 1 Cal.Rptr. 306.

after the further instruction of the court that such a striking was sufficient to make out the charge against the defendant. However, the defendant having been charged with an assault upon the guard with a deadly weapon or instrument, the State had the burden of establishing beyond a reasonable doubt that the instrument used was dangerous in the manner in which it was used.

The verdict convicting the defendant is reversed and the case is remanded to the trial court with instructions to grant a new trial.

CROCKETT, C. J., and CALLISTER, HENRIOD and ELLETT, JJ., concur.