[Crim. No. 6590.   In Bank.   Apr. 22, 1960.]

THE PEOPLE, Respondent, v. LEON DANIEL COLLINS et al., Appellants.

[Crim. No. 6591.   In Bank.   Apr. 22, 1960.]

THE PEOPLE, Respondent, v. OBIE BROWN, JR., Appellant.

Burton Marks, under appointment by the Supreme Court, and Umann & Marks for Appellants.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert M. Sweet, Deputy Attorney General, for Respondent.

GIBSON, C. J.—Defendants Collins, Scott and Brown were jointly accused of rape committed with force and violence in violation of subdivision 3 of section 261 of the Penal Code.[1] The age of the prosecuting witness was not stated in the information, but the evidence at the preliminary hearing and the trial showed without dispute that her age was 15. The court sitting without a jury found defendants guilty of rape in violation of subdivision 1 of section 261 (intercourse with a female person under the age of 18). Motions for new trial were denied. Brown and Collins were sentenced to a state prison, and Scott was committed to the Youth Authority.

Defendants concede that the evidence is sufficient to support a finding that each of them had sexual intercourse with the

---

[1]Section 261 of the Penal Code reads: ''Rape is an act of sexual intercourse, accomplished with a female not the wife of the perpetrator, under either of the following circumstances: 1. Where the female is under the age of eighteen years; 2. Where she is incapable, through lunacy or other unsoundness of mind, whether temporary or permanent, of giving legal consent; 3. Where she resists, but her resistance is overcome by force or violence; 4. Where she is prevented from resisting by threats of great and immediate bodily harm, accompanied by apparent power of execution, or by any intoxicating narcotic, or anesthetic substance, administered by or with the privity of the accused; 5. Where she is at the time unconscious of the nature of the act, and this is known to the accused; 6. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by any artifice, pretense, or concealment practiced by the accused, with intent to induce such belief.''

complaining witness, a girl under the age of 18 years, without the exercise of force or threat. It is their contention that they could not properly be convicted of that offense, commonly called statutory rape, under an information charging them with forcible rape.

▮ The subdivisions of section 261 do not state different offenses but merely define the different circumstances under which an act of intercourse constitutes the crime of rape. (*People* v. *Craig*, 17 Cal.2d 453, 455 [110 P.2d 403].) The cases of *People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512], and *In re Hess*, 45 Cal.2d 171 [288 P.2d 5], do not, as contended by defendants, impliedly overrule *People* v. *Craig, supra*. The Greer case holds that contributing to the delinquency of a minor (Welf. & Inst. Code, § 702) is necessarily included in the charge that defendant had intercourse with a girl under the age of 18, whereas the Hess case holds that contributing to the delinquency of a minor is not included in a charge that defendant forcibly raped a female of an unspecified age. In Greer defendant had notice that he was charged with an act against a minor which contributed to her delinquency, whereas in Hess he was not informed that he was being charged with having had forcible intercourse with a girl under the age of 18. In *People* v. *Marshall*, 48 Cal.2d 394, at page 403 [309 P.2d 456], it was pointed out that in Hess as in Greer "this court considered, as the yardstick for measuring the offenses included within the rape charged, the specific allegations of the accusatory pleading rather than the general code definition of rape as a crime which can be committed in various ways."

▮ An accused should be advised of the charge against him in order that he may have a reasonable opportunity to prepare and present his defense. ▮ When the information charges rape committed under the circumstances stated in a particular subdivision of section 261 and the prosecution offers proof of different circumstances which bring the act under another subdivision, the accused may be taken by surprise unless before the trial he has received notice of the possibility of such a variance by other means than the information. The case of *People* v. *Snyder*, 75 Cal. 323 [17 P. 208], which holds that under an information charging rape accomplished by force any of the matters mentioned in section 261 may be proved without regard to whether the defendant has had notice required by due process, is overruled. The

following cases, which contain language or adopt reasoning similar to that in *People* v. *Snyder, supra,* are disapproved insofar as the language or holdings are contrary to the views expressed herein: *People* v. *Jailles,* 146 Cal. 301, 304 [79 P. 965] ; *People* v. *Vann,* 129 Cal. 118, 121 [61 P. 776] ; *People* v. *Tollack,* 105 Cal.App.2d 169, 172 [233 P.2d 121] ; *People* v. *Blankenship,* 103 Cal.App.2d 60, 66 [228 P.2d 835] ; *People* v. *Cassandras,* 83 Cal.App.2d 272, 276 [188 P.2d 546] ; *People* v. *Mummert,* 57 Cal.App.2d 849, 857 [135 P.2d 665].

The decisive question in the present case is whether the variance was of such a substantial character as to have misled defendants in preparing their defense. There is no indication whatever that defendants were prejudiced in that respect. Not only was it proved at the preliminary hearing that the prosecuting witness was 15 years of age, but the attorney for one of the defendants then expressed the view that the evidence tended to show statutory rape only. Moreover, it is not claimed that if rape in violation of subdivision 1 of section 261 had been expressly alleged defendants would or could have disputed the age of the prosecuting witness. They are not in danger of double jeopardy, because on that plea extrinsic evidence is admissible to identify the crime. (*People* v. *Smith,* 50 Cal.2d 149, 152 [323 P.2d 435].) Under these circumstances the variance was immaterial.

In a previous prosecution, defendant Brown was found guilty of a violation of Penal Code section 288 and placed on probation. He has appealed from the judgment which was entered after the court ordered revocation of the probation based upon the finding that he was guilty of rape in the present case, and the appeal was apparently taken to preserve his right to reinstatement of probation in the event his conviction of rape should be reversed. The decision with reference to the conviction of violation of section 288 must obviously follow the conclusion reached with respect to the conviction of rape.

The judgments are affirmed.

Traynor, J., Schauer, J., McComb, J., Peters, J., White, J., and Dooling, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.