[Crim. No. 7701. Second Dist., Div. One. Nov. 6, 1961.]

THE PEOPLE, Respondent, v. JOSIE MAE MUSE, Appellant.

Walter L. Gordon, Jr., for Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Norman H. Sokolow, Deputy Attorney General, for Respondent.

WOOD, P. J.—Defendant was convicted, in a nonjury trial, of assault with a deadly weapon. Probation was denied and she was sentenced to imprisonment in the county jail for 180 days. She appeals from the judgment.

 Appellant contends that there "was ample unrebutted evidence of the defense of self defense"; and that there was ample evidence of "the defense of prevention of a felony," namely, the prevention of false imprisonment.

John Jimerson and the appellant had been friends five or six years, and occasionally they stayed at night in his hotel room. She kept some of her clothes in his room, and she had stayed in his room the night before the incident involved herein.

In the evening of November 20, 1960, they, Ruth Austin (Jimerson's sister), and Moses McDaniel (Ruth's friend) were in Jimerson's room. At that time an argument started between Jimerson and appellant. Jimerson testified that he did not know how the argument started, but he did remember that he told her to go home and that she said she would not go; the appellant removed a knife from a sheath (which was hanging on a bookcase) and said she was not going any place; Jimerson asked her to close the door; she said she would not close it; he said he would close it; when he started to close the door she stabbed him with the knife; he was stabbed ''just below the abdomen.'' The knife blade was 6 inches long. As a result of the stabbing, two surgical operations were performed on him and he was in a hospital about eight weeks.

He also testified that he wanted the door closed because he did not want the noise of the argument to disturb the other tenants; he did not have anything in his hand when he was stabbed; he did not strike appellant that evening; on prior occasions he had struck her with his hand but not with his fist; he asked her to go home because he wanted to avoid an argument.

Officer Benell testified that he arrived at Jimerson's room about 8:40 p.m. on said day; two other officers, who arrived there previously, had possession of the knife and sheath; later that evening, he (witness) had a conversation with appellant, in the presence of Officer Keil, wherein appellant said that every time she and Jimerson had an argument he was always right and she was wrong, and she ''was tired of this and she had stabbed him once and she didn't care if she hung for it''; she said the reason she did not cut him more was that he would not ''fight back''; when the witness (officer) asked her what caused the argument, she did not reply.

Appellant testified in substance, as follows: On said November 20, about 2 p.m., while she and Jimerson were in his room, Ruth Austin and Moses McDaniel came there. All of them played cards until 5 p.m. when, at Ruth's request, the appellant took her, in Jimerson's automobile, to a lodge meeting. After leaving Ruth at the meeting, appellant went to her (appellant's) home and got some clothes for the next day.

She intended to stay at Jimerson's room that night. She returned to his room and played cards with him and McDaniel about an hour. Then she went to the lodge and brought Ruth to Jimerson's room. The two men had been drinking. The four persons played cards about 45 minutes, and Jimerson seemed to be getting "higher." Appellant said she did not want to play cards. Jimerson asked why she wanted to "break up the fun." She replied that she was tired and wanted to eat dinner. He said that she was telling a lie, and that she was quitting because she was a bad loser. After telling her that she could stop playing, he cursed her and told her to get out and go home. She said she would get the things which she brought there that evening. He told her to come back later if she wanted those things. When she started to get her pocketbook, he told her that she was not going. Then he opened the door and told her to get out. When she went to get her pocketbook, he started to close the door, and then he said that she was going to stay there. Jimerson came to her, but in the meantime she saw the knife, which was in a case, at the head of the bed. She got the knife and hid it from Jimerson's view. She hid it because she knew he was going to beat her. When he had beaten her at other times, he always closed the door first. As he came toward her, he said she was not going anywhere and that he was going to beat her. Then she cut him once. She did not remember what happened after that.

Appellant contends, as above stated, that her testimony to the effect that she acted in self-defense was unrebutted. She also asserts that she was preventing Jimerson from committing a felony, false imprisonment. Jimerson's testimony was to the effect that nothing occurred which called for an act of self-defense or for an act to prevent false imprisonment. It cannot properly be concluded that appellant's testimony as to those matters was uncontradicted. Two other persons were in the room. It was a question of fact as to whether she acted in self-defense, and as to whether she was preventing false imprisonment. Those were questions of fact for the determination of the trial judge. ▮ In a prosecution for assault with a deadly weapon, the testimony of one witness is sufficient proof of the crime if he is believed by the trier of the facts. (*People* v. *Kersey,* 154 Cal.App.2d 364, 367 [316 P.2d 52].) In the present case the evidence was sufficient to support the judgment.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.