[Crim. No. 1756.   Fourth Dist.   Feb. 19, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNY LOUIS HORTON, Defendant and Appellant.

Johnny Louis Horton, in pro. per., for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and S. Clark Moore, Deputy Attorney General, for Plaintiff and Respondent.

MONROE, J. pro tem.,*—Defendant-appellant appeals from a conviction for felonious assault, as defined by Penal Code, section 245, prohibiting an assault "by any means of force likely to produce great bodily injury." The appellant assigns as his sole claim of error that his conviction was based upon the testimony of an accomplice, one Bernard James Walker, and that such testimony was not corroborated, as required by Penal Code, section 1111. That section provides:

"A conviction can not be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense; and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof. An accomplice is hereby defined as one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given."

The facts, as revealed by the record, furnish a complete answer to the appellant's contentions. On July 4, 1961, there was a celebration at Fairmount Park in Riverside, California. During the evening of that day, a group of Negroes, estimated at twenty, successively attacked individual white boys, inflicting rather grave injuries upon them. Two prosecutions were commenced and the cases were tried together. The appellant and others were defendants in both cases.

The first case involved an attack upon a serviceman, Billy Clyde Ray, who was at the park with a girl friend whom he subsequently married. Ray was set upon by the gang, was knocked to the ground, kicked in the face and was severely injured. The evidence revealed that prior to the attack upon Ray, Bernard James Walker, a Negro, approached Ray and struck him. Walker, in his testimony, gave as his excuse that somebody had been throwing lighted firecrackers and he thought it was Ray. In any event, Walker and Ray exchanged blows. Ray's girl friend spoke to him and he turned around and walked away. Walker walked away in the other direction. This is in accord with Walker's testimony,

*Assigned by Chairman of Judicial Council.

the testimony of the prosecution witnesses, and the testimony of Lawrence Davidson, one of the defendants. There is no evidence to the contrary with reference to Walker's connection.

A few minutes later, a group of Negroes, apparently the same group, made a sudden and unprovoked attack upon two white boys, Ronnie Kenneth Clark and James Jentz. Both of the white boys were knocked down and kicked. Jentz was taken to the hospital with multiple fractures of the jaw, one of them a compound fracture of the right side with the bone protruding through the skin, and suffering hemorrhage from the wound. His jaw was immobilized for a period of six weeks.

There was ample evidence that the appellant and the others who were prosecuted with him were in the crowd surrounding Ray when he was attacked, but no evidence was produced that the appellant struck Ray. Walker testified for the prosecution, but he did not connect appellant with the attack on Ray. Walker testified that, although he saw the subsequent attack upon Clark and Jentz, he, Walker, had nothing whatever to do with it. He identified appellant as taking part in the attack and striking the two boys. There was evidence that a gang of Negroes, apparently the same gang, started to attack a police officer who was off duty and in civilian clothes, but for some reason the apparent attempt was not carried out.

The evidence reveals that while the attacks were being carried on, a crowd of Negroes gathered around, that none of them made any move to interfere or protect the individuals attacked, and that pleas that someone call police were ignored. However, no one could be located who would testify as to any individual who struck Ray. All of the defendants testified that they saw no one strike Ray. Five other Negroes, females, testified that although they were present, they saw no one strike Ray. One of them testified that Ray was on the ground having a fit and that she saw no one strike him. All the defendants denied any knowledge of the attack on Clark and Jentz.

From the foregoing, it is clear that although the exchange of blows between Walker and Ray preceded the attack upon Ray, it was not of a serious nature. Walker denied that he had anything to do with the attack upon Ray; that it occurred after they had separated and walked away. Ap-

parently the exchange of blows between them was nothing serious. Walker also testified that he had nothing whatever to do with the subsequent attack. He testified that he was not part of the gang that was involved. The appellant and the other defendants testified that they were not with Walker. It appears therefore that Walker was not an accomplice. ■ An accomplice is defined as one who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of the crime. (*People* v. *Lima,* 25 Cal.2d 573 [154 P.2d 698] ; *People* v. *Shaw,* 17 Cal. 2d 778 [112 P.2d 241].) Before it could be held that a witness is an accomplice, it is necessary that there exist a state of facts that would render him liable to prosecution for the same offense. (*People* v. *Medina,* 198 Cal.App.2d 224 [17 Cal.Rptr. 722].) In order to be classed as an accomplice, such person must have guilty knowledge and intent with reference to the commission of the crime. (*People* v. *Duncan,* 53 Cal.2d 803 [3 Cal.Rptr. 351, 350 P.2d 103].) He must knowingly, voluntarily and with common intent unite with the principal offender in the commission of the crime. (*People* v. *Platnick,* 161 Cal.App.2d 313 [326 P.2d 585].) ■ One may be found guilty of a violation of Penal Code, section 245, although the attack was by use of the hands or fists. (*People* v. *Pierre,* 178 Cal.App.2d 585 [3 Cal.Rptr. 290] ; *People* v. *Zankich,* 189 Cal.App.2d 54 [11 Cal.Rptr. 115].) ■ Needless to say, kicking a man in the face and head is likewise a violation of the same section.

■ The jury acquitted the appellant and other defendants of the attack on Ray because there was no direct evidence of any witness who saw either of them actually strike him. The appellant and others were convicted, however, of the attacks upon Clark and Jentz. Walker's testimony was positive in his identification of the appellant and his participation in the attack. The victims of the attack were unable to identify their assailants, except to state that they were suddenly set upon by a band of Negroes. From the foregoing, it is apparent that there was no evidence in the record to indicate that Walker was an accomplice or participant in the mass attacks upon these individuals.

Because the appellant has taken this appeal without counsel, we have felt it necessary to carefully read the entire record. The evidence amply supports the conviction. The record before us is characterized by meticulous fairness, both on the part of the trial judge and the prosecuting attorney.

There is nothing revealed in the record that would justify an interference with the judgment of the court.

Judgment affirmed.

Griffin, P. J., and Coughlin, J., concurred