[Crim. No. 1879.   Fourth Dist.   July 23, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM L. WILSON, Defendant and Appellant.

Harold F. Tyvoll, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Warren Siegel, Deputy Attorney General, for Plaintiff and Respondent.

GRIFFIN, P. J.—Defendant was convicted by the court of forcible rape (count one), sex perversion (count four), and assault by means likely to produce great bodily injury (count five). A motion for new trial was denied on November 5, 1962, and defendant was committed to the Atascadero State Hospital for observation before final judgment. The appeal from the order denying a new trial is therefore allowable. (Pen. Code, § 1237, subd. 2; Cal. Rules of Court, rule 31 (a).*)

Defendant first claims that the evidence is not sufficient to sustain a conviction for rape when the complaining witness does not testify that she was not married to the defendant at the time of the alleged offense.

On July 13, 1962, defendant and a Mrs. Loving were bowling. Later, defendant took her to his home. They had an argument. In his desires, he struck and slapped her, shoved her into the bedroom and ordered her into his bed. He forced her, without her consent, into having sexual intercourse with him. Following this act, an act of unconsented oral copulation was had. Defendant then went to the dresser and removed an instrument (handle end of a baseball bat), lubricated it and inserted it into his victim's vagina, and as he twisted it around, Mrs. Loving expressed pain. Defendant told her: "I want to hurt you. I want you to remember me." Upon reporting the incident, she was taken to the hospital for treatment and defendant was arrested. Defendant's defense was that the sexual acts were consented to by her and that he had no intention of harming her by use of the baseball bat, and that there was no showing that defendant was not the husband of the complaining witness.

Proof of the nonmarital status between defendant and Mrs. Loving need not be shown by direct evidence. Circumstantial evidence is sufficient. (*People* v. *Meraviglia,* 73 Cal.App. 402, 407 [238 P. 794].)

Mrs. Loving testified that on the night of the rape she had an interlocutory decree of divorce from Mr. Loving which would not become final until August 30, 1962, and she said

*Formerly Rules on Appeal, rule 31(a).

that she had never had sexual relations with any other man except her husband and the defendant. This was sufficient to show that at that time defendant could not be and was not legally her husband. Defendant did not testify otherwise.

■ The only other argument is that the evidence is not sufficient to sustain a conviction for assault by means of force likely to produce great bodily injury because the inserting of the lubricated wooden instrument into the complaining witness' vagina without her consent, and twisting it, caused her no physical injury.

It is true that the evidence does not show that this act did actually cause great physical harm to Mrs. Loving. However, it was not unreasonable for the trial court to find that when a baseball bat is forcibly inserted into a vagina and twisted around, this act is "likely" to cause great bodily harm. The fact that serious damage was not done does not reduce the offense to simple assault. The size of the instrument and the manner of its insertion can lead to no other conclusion than that defendant was justly convicted of violating section 245 of the Penal Code. That section. provides: "Every person who commits an assault upon the person of another with a deadly weapon or instrument or by any means of force *likely* to produce great bodily injury is punishable. . . ." (Italics ours.) ■ What force is *likely* to produce great bodily injury is a question of fact to be determined by the trier of fact. (*People* v. *Bumbaugh,* 48 Cal.App.2d 791, 796 [120 P.2d 703] ; *People* v. *Newland,* 15 Cal.2d 678, 681 [104 P.2d 778].) The evidence fully supports the conviction.

Judgment affirmed.

Coughlin, J., and Brown (Gerald), J., concurred.