[Crim. No. 9023.    Second Dist., Div. Four.    Jan. 8, 1964.]

THE PEOPLE, Plaintiff and Respondent, v. JOHNNY C. GRAY, Defendant and Appellant.

Reynold F. Paris, under appointment by the District Court of Appeal, and Paris & Paris, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was originally charged in two counts with kidnaping in violation of Penal Code section 207, and rape, in violation of Penal Code section 261, subd. 3. Subsequently, the information was amended to add a third count, assault by means of force likely to produce great bodily injury in violation of Penal Code section 245. Defendant pleaded not guilty to all counts, jury trial was waived and the case by stipulation was submitted to the court on the proceedings had on the preliminary hearing. No additional testimony was offered. The court found defendant not guilty on Counts I and II, and guilty on Count III. Probation was denied and defendant was sentenced to one year in the county jail. Defendant appeals from the judgment of conviction.

The complaining witness, in substance, testified as follows: On the evening of July 8, 1962, at approximately 10:30 p.m., she decided to walk from her home to a nearby store. She had walked about a half block when defendant, who was riding in a panel truck, called to her. Receiving no response, he alighted from the truck, walked over to her and engaged her in conversation. He said, "My name is Johnny." He then asked her what her name was and she replied, "Leatrice—that's what everybody calls me, Leatrice." At this time she turned around and started walking back in the direction of her home. Defendant walked along with her. As they passed an apartment house approximately five houses away from her home, defendant took her by the back of the arm, and, exerting "slight force ... but enough to let me know he was there," led her upstairs to a room in the apartment house. She tried to get out but defendant "kept pulling" on her. She told him to leave her alone and not to bother her but defendant persisted, striking her on the arm and face, and causing the area around her eye to become swollen and to turn dark. She screamed, whereupon, defendant grabbed her around the throat, hit her in the face, and told her she had better not scream again. Defendant then pushed her over on a bed, and forced her to engage in an act of sexual intercourse with him. After defendant had completed the act he let her get off the bed and get her things together. She buttoned her dress because she did not want to look "out of the ordinary," and then walked to her home and reported the incident to her husband.

Defendant neither testified at the trial, nor did he call any witnesses in his own behalf.

Defendant contends the evidence is insufficient to support a conviction of assault by means of force likely to produce great bodily injury. Defendant argues the evidence does not show the victim sustained "great bodily injuries," and, further that there was no evidence which shows that the force used by defendant was of the character likely to produce great bodily injury.

"[T]he gist of the offense charged ... is the likelihood of bodily injury as the result of force used and the degree of force used is not as significant as the manner of use. [Citation.] Nor is it required that the injuries be serious. [Citation.] What kind of force is likely to produce great bodily injury is a question of fact for the trial court. [Citations.]" (*People* v. *Dawson*, 150 Cal.App.2d 119, 132 [310 P.2d 162].)

"It is settled that the offense of assault with force likely to produce great bodily injury ... may be perpetrated by means of the hands alone. [Citations.]" (*People* v. *Tallman*, 27 Cal.2d 209, 212 [163 P.2d 857]; see also *People* v. *Horton*, 213 Cal.App.2d 185, 188 [28 Cal.Rptr. 666].)

In the case before us, the trial court resolved the issue against defendant. The evidence was amply sufficient to sustain its finding.

Defendant contends "that the trial court having found defendant not guilty of kidnaping and forcible rape, the implication therefrom is that the testimony of the complaining witness concerning the force and violence connected with the rape was not believed by the court and therefore this same force and violence which has been rejected cannot be relied upon to sustain the conviction of the assault charge." This argument is fallacious. Although occurring as successive steps in a pattern of criminal conduct, the crimes of kidnaping, rape and assault by means of force likely to produce great bodily injury, are separate and distinct offenses. The evidence in the instant case was that the purported kidnaping occurred first in order of time, followed by the assault, which was then followed by the purported rape. The trial court could well have had a reasonable doubt as to whether there was in fact a kidnaping, or whether the complaining witness willingly entered the apartment. There could also have been a reasonable doubt as to the rape itself, it being necessary to show that there was no consent to the act. However, it is no defense to assert that the victim consented to an assault upon her by force likely to produce great

bodily harm. Furthermore, the testimony of the complaining witness that defendant struck and choked her prior to the alleged rape was corroborated by a photograph taken after the incident depicting an injury to her face and eye.

Defendant contends that a violation of section 245 of the Penal Code (assault with force likely to produce great bodily injury) was not shown by the evidence produced at the preliminary hearing and therefore he was denied due process and was substantially prejudiced when the trial court allowed the information to be amended to add the assault charge. We hold that the evidence adduced at the preliminary hearing was sufficient to support defendant's conviction for violation of section 245.

■■■ "It is established that the provision of the section allowing an amendment of an information so as to add an offense shown by the evidence at the preliminary examination, does not violate a defendant's constitutional rights. [Citations.]" (*People* v. *Tallman, supra,* 27 Cal.2d 209, 213.)

■■■ Defendant finally contends that he was denied the right to a speedy trial in that his trial took place 103 days after the filing of the information.

In support of this contention, defendant cites section 1382 of the Penal Code which in effect provides: If a defendant is not brought to trial within 60 days after the filing of the information against him (or finding of the indictment), except where the trial is postponed at defendant's own request, the court must order the action dismissed, unless a good cause for the delay is shown.

In the instant case, the information was filed July 27, 1962. Originally called for trial on September 14, 1962, the matter was continued to October 16, 1962, at the request of defendant. It was later advanced to October 3, 1962, and then continued to November 7, 1962, at which date it was called for trial. No reason for the latter continuance appears in the record nor does it appear that any objection was interposed by defendant to the delay.

Defendant argues that, since the record does not indicate that he consented to any delay beyond October 16, 1962, no inference should be raised by his "mere" failure to object, but rather, "some affirmative act should be shown indicating a waiver." ■■■ The rule however, is otherwise: "The right to a speedy trial, ... will be deemed waived unless the defendant *both* objects to the date set *and* thereafter files a

timely motion to dismiss. ... It is settled that 'When a defendant fails to *object at the time a cause is set for trial* beyond the statutory period, consent is presumed.' [Citations.]'' (*People* v. *Wilson,* 60 Cal.2d 139, 146 [32 Cal. Rptr. 44, 383 P.2d 452].)

Since defendant neither objected to the delay nor moved to dismiss prior to trial, he is in no position to now complain.

Judgment of conviction is affirmed.

Burke, P. J., and Kingsley, J., concurred.