[Crim. No. 14226.   Second Dist., Div. Five.   Dec. 20, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. LARRY PAUL CHAVEZ, Defendant and Appellant.

382

Daniel L. Dintzer, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Phillip G. Samovar, Deputy Attorney General, for Plaintiff and Respondent.

STEPHENS, J.—Defendant was charged by information in count I with assault with intent to commit murder, a violation of Penal Code section 217, and in count II, with assault with a deadly weapon, a violation of Penal Code section 245.

Defendant pleaded not guilty and waived jury trial. Defendant was found guilty of assault by means of force likely to produce great bodily injury, "a necessarily included offense in count II," and not guilty of the offense charged in count I. Defendant's motion for a new trial and probation were denied. Defendant was sentenced to state prison for the term prescribed by law.

The facts reveal that on March 20, 1967, defendant and the victim Cooper were at a party at one Snowden's house. Cooper began insulting defendant and defendant's girl friend. Cooper testified that defendant hit him across the side of the face with a machete. Due to the blow to his head, Cooper had to have 13 stitches. Defendant denied hitting Cooper with a machete, and testified that he hit Cooper twice with his fist.

■ Defendant's first contention is that he was denied due process of law because of the intentional use by the prosecution of perjured testimony. At the preliminary hearing, Snowden testified that he saw defendant with the machete. At trial, he testified that he had not seen defendant with the machete and that the reason he previously gave contradictory testimony was because his brother, a police officer, promised him that if he would testify against defendant, he would either be released on his own recognizance, or he would be loaned money for bail in a case in which Snowden was a criminal defendant. Officer·Snowden testified that he told his brother only to state what he had seen.

It is difficult to perceive any prejudice to defendant since the testimony of the witness Snowden at trial was favorable to defendant. Furthermore, there is no showing that the prosecution procured such perjury, or even which testimony of the witness was perjured. In any event, it is the function of the trial court, not the appellate court, to resolve inconsistencies and contradictions in the testimony of a witness, and the trier of fact may believe and accept a portion of the testimony of a witness and disbelieve the remainder. (*People* v. *Rankin,* 169 Cal.App.2d 150, 162 [337 P.2d 182].) Such conflicts, even in the testimony of a particular witness, are for the resolution of the trier of fact. (*People* v. *Cisneras,* 214 Cal.App.2d 62, 67 [29 Cal.Rptr. 146] ; *People* v. *Brister,* 192 Cal.App.2d 234, 237 [13 Cal.Rptr. 375].) It is not for us to say that any conflict should be resolved in defendant's favor. (*People* v. *Gardner,* 177 Cal.App.2d 43, 45 [1 Cal.Rptr. 830].)

■ Defendant contends that the evidence is insufficient to support the judgment, and that his acts were justified because

of the conduct of the victim. However, the testimony of the victim of an assault, if believed by the court, is sufficient without corroboration to sustain a conviction. (*People* v. *Sanders,* 206 Cal.App.2d 479 [23 Cal.Rptr. 725]; *People* v. *Muse,* 196 Cal.App.2d 662 [16 Cal.Rptr. 768].) ■ Furthermore, the trial judge in determining credibility of witnesses was free to reject defendant's claim of self-defense or of defense of another. (*People* v. *Dinkins,* 242 Cal.App.2d 892 [52 Cal. Rptr. 134].) ■ And opprobrious insults, no matter how grievous, will not justify an aggravated assault. (*People* v. *Richardson,* 176 Cal.App.2d 238, 240 [1 Cal.Rptr. 306]; *People* v. *Mueller,* 147 Cal.App.2d 233, 239 [305 P.2d 178].) ■ The evidence would be sufficient even if the trial court had accepted defendant's own testimony that he struck the victim with his fist, since the cases are legion in holding that an assault by means of force likely to produce great bodily injury may be committed with fists. (*People* v. *Horton,* 213 Cal.App.2d 185 [28 Cal.Rptr. 666]; *People* v. *White,* 195 Cal. App.2d 389 [15 Cal.Rptr. 665]; *People* v. *Zankich,* 189 Cal. App.2d 54 [11 Cal.Rptr. 115]; *People* v. *Pierre,* 178 Cal.App. 2d 585 [3 Cal.Rptr. 290]; *People* v. *Barton,* 172 Cal.App.2d 474 [341 P.2d 709].) ■ And the question of whether or not the force used was such as to have been likely to produce great bodily injury is one of fact based on all the evidence, including but not limited to the injury inflicted. (*People* v. *Muir,* 244 Cal.App.2d 598 [53 Cal.Rptr. 398]; *People* v. *Buice,* 230 Cal.App.2d 324 [40 Cal.Rptr. 877]; *People* v. *Wilson,* 218 Cal.App.2d 564 [32 Cal.Rptr. 406].) ■ In the present case, the blows to the victim's head required 13 stitches. Whether such blows were *inflicted by fist or by machete,* the evidence is clearly sufficient to sustain defendant's conviction for assault by means of force likely to produce great bodily injury.

■ Only one other matter need be considered on this appeal. Defendant was charged in the information in count I with assault with intent to commit murder (Pen. Code, § 217) and in count II with assault with a deadly weapon (Pen. Code, § 245). Defendant was found guilty of assault by means of force likely to produce great bodily injury. At the conclusion of the trial, the following colloquy took place between the trial judge and counsel:

"THE COURT: The Court finds the defendant guilty of violation of Section 245, assault by means of force likely to produce great bodily injury, an offense necessarily included

in that charged in the Information. I believe it is included. Wouldn't you say so?

"Mr. Orr [Deputy District Attorney] : It is, your Honor. That is in Count II.

"The Court: Well, I am not finding him guilty of Count II, assault with a deadly weapon. This is included. It will be included in Count II, I take it?

"Mr. Orr: That's correct.

"Mr. Reynolds [Deputy Public Defender] : I take it your Honor is finding the defendant not guilty of Count I.

"The Court: Not guilty of Count I and Counts [sic] II, but guilty of a necessarily included offense in Count II, an assault by means of force like [sic] to produce great bodily injury."

The minute order entered at the conclusion of this discussion reflects that defendant was found guilty of assault by means of force likely to produce great bodily injury as "a *lesser* but necessarily included offense in Count 2." (Italics added.)

A similar problem arose in *People* v. *Baca,* 247 Cal.App.2d 487 [55 Cal.Rptr. 681], and the court there determined that "the offense involved was that of aggravated assault on a police officer [Pen. Code, § 245, subd. (b)]—an offense which, under the statute as quoted above, may be committed in either of two ways; by use of deadly weapon, or by use of force likely to cause great bodily harm. The present case, therefore, is governed by the principles expounded in *People* v. *Collins* (1960) 54 Cal.2d 57 [4 Cal.Rptr. 158, 351 P.2d 326], and not by those set forth in *Leech* [232 Cal.App.2d 397 (42 Cal. Rptr. 745)]." (P. 491, footnote 3.) Since the sole distinction between subdivision (b) of section 245 of the Penal Code (that charged in *Baca*) and that of subdivision (a) of section 245 of the Penal Code (that charged in the instant case) is that in (b) the person assaulted must be a police officer, the same principles apply.

The crucial questions are whether an aggravated assault took place and whether the defendant was apprised of the facts giving rise to the offense for which he was convicted. The purpose of an indictment or information is to inform the accused of the charge which he must meet at trial. (*People* v. *Beesly,* 119 Cal.App. 82, 84 [6 P.2d 114, 970].) The testimony and other evidence adduced at the preliminary hearing fully informed defendant as to the facts relied upon to establish the alleged assault. Here, as stated in *Collins* (p. 60) and present

in *Baca,* "[t]he decisive question in the present case is whether the variance was of such a substantial character as to have misled [defendant] in preparing [his] defense. There is no indication whatever that [defendant was] prejudiced in that respect." A fair reading of the record before us and the fact that there is no contention of error in the variance between the charge of "assault with a deadly weapon" and the conviction of "assault by means of force likely to produce great bodily injury" establishes beyond any doubt that, as *Collins* (p. 60) concluded: "Under these circumstances the variance was immaterial."[1]

At the time of sentencing, the trial judge reiterated that he had found defendant guilty of assault by means of force likely to produce great bodily injury, but the judgment committing defendant to state prison recites that defendant had been found guilty of assault with a deadly weapon *"as charged in count 2 of the information."* (Italics added.) The recitation in the judgment which is at variance with the judge's declarations is obviously clerical error, and is hereby ordered modified to conform with the judgment announced in open court by the trial judge.

As so modified, defendant's conviction is affirmed.

Kaus, P. J., and Aiso, J., concurred.

---

. [1]The finding of the trial court reduced the severity of the punishment under section 245, subdivision (a) of the Penal Code, for such finding may affect the defendant's right to probation or the term of imprisonment which the Adult Authority may impose. (See *People* v. *Wynn,* 257 Cal.App.2d 664, 675 [65 Cal.Rptr. 210] and *People* v. *Fisher,* 234 Cal.App.2d 189, 192 [44 Cal.Rptr. 302].)