GROVER, J.,
Concurring.—I concur in the judgment but respectfully depart from some of the majority’s reasoning in the published portion of the opinion.
Defendant contends that the evidence is insufficient to support his 16 convictions for committing a forcible lewd act on a child (Pen. Code, § 288, subd. (b)) because the second amended information alleged that the acts occurred within specified one-year increments (coinciding with the victim’s birthday), but none of the acts was proven at trial to have actually occurred within any of those periods.
I agree with the majority’s interpretation and application of People v. Jones (1990) 51 Cal.3d 294 [270 Cal.Rptr. 611, 792 P.2d 643], People v. Peyton (2009) 176 Cal.App.4th 642 [98 Cal.Rptr.3d 243], and People v. Starkey (1965) 234 Cal.App.2d 822 [44 Cal.Rptr. 738], and that the precise date was not a “material ingredient” of the charged offenses. (Pen. Code, §§ 955, 288, subd. (b).) However, I do not share the view that defendant’s claim of insufficient evidence is premised on pleading error. I believe the issue is more accurately described as arising from a variance between pleading and proof. As such, the critical question is whether “the variance was of such a substantial character as to have misled” defendant in preparing his defense. (People v. Collins (1960) 54 Cal.2d 57, 59 [4 Cal.Rptr. 158, 351 P.2d 326] [“An accused should be advised of the charge against him in order that he may have a reasonable opportunity to prepare and present his defense.”].) *1026 In arguing insufficiency of the evidence based on a variance between the operative charging document and proof at trial, defendant has shown neither the materiality of specific dates nor inadequate notice of the crimes alleged. I therefore reach the same conclusion as the majority.
Appellant’s petition for review by the Supreme Court was denied September 14, 2016, S235830. Corrigan, J., did not participate therein.