Filed 2/7/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br><br>RYAN JOSEPH PACK,<br><br>    Defendant and Appellant. | A161564<br><br>(Contra Costa County<br>Super. Ct. No. 52005692) |

Defendant Ryan Joseph Pack was convicted of several offenses, including one with which he was not charged: assault with force likely to cause great bodily injury. Over Pack's objection, the trial court instructed the jury that assault with force likely to cause great bodily injury is a lesser included offense of the charged offense of assault with a deadly weapon, and on appeal the Attorney General concedes that this instruction was erroneous. Pack thus contends, and the Attorney General initially agreed, that his conviction violates his right to due process under the Sixth and Fourteenth Amendments to the United States Constitution, although the Attorney General argued that, rather than reverse Pack's conviction on this count, we should modify the judgment to reflect a conviction for simple assault. After briefing was complete, our Supreme Court held that, for the purpose of the prohibition on multiple convictions for one offense, assault with force likely to produce great bodily injury and assault with a deadly weapon are alternative means of committing the same offense. (*People v. Aguayo* (2022) 13 Cal.5th

1

974 (*Aguayo*).)  We requested supplemental briefing from the parties about whether we should apply the "material variance" analysis that some courts have used in that context, and if so, whether there is a violation of due process under that test.  We conclude that Pack's right to due process was violated, and that the proper remedy is to reverse the conviction of assault with force likely to cause great bodily injury.

## BACKGROUND

In May 2020, Pack was charged by amended information with four counts and an enhancement for count two.  The trial court later dismissed count one on the prosecution's motion.  At issue here is count three for assault with a deadly weapon (Pen. Code,[1] § 245, subd. (a)(1)) for an incident that occurred in February 2020.  For that count, the amended information alleged that Pack committed an assault upon Kaury Jerard Markham with a "stabbing weapon."  For that same incident, Pack was also charged with one count of driving or taking a vehicle owned by Markham without his consent. (Veh. Code, § 10851, subd. (a).)

The preliminary hearing testimony showed that at the time of the alleged assault on Markham, Pack had on his person "silver edged metal knuckles," and that Markham's cousin, Stanley Walker, observed Pack holding what Walker thought was a knife when Pack tried to hit Markham.

At trial, Markham testified that he was on his apartment patio at night when he heard the engine of his Mazda idling, and he saw someone drive it away.  Markham later identified Pack as the person driving his Mazda. Markham described how he and Walker got into his other car and followed the Mazda.  Markham testified that Pack eventually stopped the car on a

---

[1] Subsequent statutory references are to the Penal Code unless otherwise indicated.

street, crawled out of the driver side window, and took off running. Markham and Walker ran after him. According to Markham, when he caught up to Pack, he grabbed Pack's shoulders but ended up slipping and falling. As Markham fell to the ground, Pack swung at him with his fist, and Markham heard Walker yell, "Watch out, he got a knife." Pack ran away again. Markham went back to his car to get a bat, and then ran after Pack. When he caught up to Pack, police officers were arriving at the scene.

Walker testified that after Markham grabbed Pack, he saw Pack swing at Markham. Walker said he "couldn't tell what [Pack] had, so I just told [Markham] to watch out, . . . I just said a knife because I don't—could have been anything, that's the worst thing I'm thinking about, so it's the first thing I said." He clarified that he could see an object in Pack's hand, and he assumed it was a knife because of "the way it was swung."

One of the responding officers testified that he searched Pack and found in his coat pocket a silver metal object that had "substantial weight." Another responding officer testified that the object resembled metal knuckles but was flatter and sharp, and it had no finger holes.

After the defense rested, the court instructed the jury on the elements of the crimes charged and their lesser included offenses. As relevant here, the court instructed the jury that assault with force likely to produce great bodily injury (hereafter, assault with force likely) (§ 245, subd. (a)(4)) was a lesser included offense of count three for assault with a deadly weapon. Outside the presence of the jury, defense counsel objected to the inclusion of assault with force likely as a lesser included offense.

The jury found Pack guilty of counts two and four and found true count two's enhancement. Regarding count three, the jury found Pack not guilty of assault with a deadly weapon but guilty of assault with force likely.

3

Pack timely appealed after sentencing.

## DISCUSSION

Pack contends that his right to due process was violated when the trial court instructed the jury it could find him guilty of the offense of assault with force likely as a lesser included offense of assault with a deadly weapon. We agree with the parties that, under both the "elements" test and the "accusatory pleading" test, assault with force likely is not a necessarily included offense. While in most cases the due process inquiry would end there, some courts have applied a different test where the offenses at issue are different theories of the same offense, concluding that a conviction for one species of an offense under an information charging another is not fatally flawed for lack of notice where the "variance" between the offense alleged and the offense proved was "immaterial." (*People v. Collins* (1960) 54 Cal.2d 57, 60 (*Collins*).) The *Collins* test does not expand the definition of necessarily included offenses; instead, it "describe[s] circumstances under which a defendant may not complain of conviction of a lesser offense which is not an included offense . . . ." (*People v. West* (1980) 107 Cal.App.3d 987, 993.) In *People v. Chavez* (1968) 268 Cal.App.2d 381, the Second District applied the *Collins* test to determine whether reversal was required where the defendant was charged with assault with a deadly weapon but convicted of assault with force likely under former section 245. (*Chavez*, at pp. 385–386.)

After briefing was complete in this case, our Supreme Court decided *Aguayo*, *supra*, 13 Cal.5th 974, which found that the Legislature intended for assault with a deadly weapon and assault with force likely to constitute the same offense under the current version of section 245, at least for the purpose of section 954, which prohibits multiple convictions for one offense. (*Aguayo*, at pp. 982–985, 993, fn. 7.) We requested supplemental briefing on the

4

significance of *Aguayo*, *Collins*, and *Chavez* to Pack's due process claim. The Attorney General submitted a supplemental brief contending that under *Collins*, the trial court's instructional error was not prejudicial to Pack because he was fully informed before trial of the facts the prosecutor intended to rely on to prove assault with a deadly weapon, and those same facts supported a conviction for assault with force likely. Pack disagrees, contending that *Collins* does not apply, and that even if it did, the trial court's instructional error constitutes a prejudicial violation of his due process rights. Both parties, however, state that *Aguayo* has no bearing on Pack's due process claim.

**I.** **Pack Did Not Receive Notice That He Could Be Convicted of Assault with Force Likely as an Offense Necessarily Included in the Charged Offense of Assault with a Deadly Weapon**

" 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' " (*People v. West* (1970) 3 Cal.3d 595, 612.) The required notice is provided as to any charged offense and any offense that is necessarily included in the charged offense. (*People v. Reed* (2006) 38 Cal.4th 1224, 1227.) To determine whether an offense is a necessarily included offense, courts apply the "elements" test or the "accusatory pleading" test. (*People v. Lopez* (1998) 19 Cal.4th 282, 288.) We first consider the elements test.

**A. The Elements Test**

The elements test is satisfied if the statutory elements of the greater offense include all the elements of the lesser, so that the greater cannot be committed without committing the lesser. (*People v. Cook* (2001) 91 Cal.App.4th 910, 918.) Here, the trial court relied on *In re Jonathan R.* (2016) 3 Cal.App.5th 963, 972 in finding that assault by force likely to

5

produce great bodily injury is a necessarily included offense of assault with a deadly weapon under the elements test. In coming to this conclusion, the *Jonathan R.* court focused on our Supreme Court's holding in *People v. Aguilar* (1997) 16 Cal.4th 1023 that an instrument, other than an inherently deadly weapon, becomes a deadly weapon for purposes of the assault statute only if it is used in a manner likely to produce great bodily injury, and that assault with a deadly weapon using such an instrument necessarily incorporates assault by means of force likely to produce great bodily injury. (*In re Jonathan R.*, *supra*, at p. 973.)

However, the parties agree, as do we, that assault with force likely is not a necessarily included offense of assault with a deadly weapon under the elements test. In *In re L.J.* (2021) 72 Cal.App.5th 37, this court declined to follow *Jonathan R.* on this issue because *Jonathan R.* ignored *Aguilar*'s recognition that "[t]here remain assaults involving weapons that are deadly per se . . . in which the prosecutor may argue for, and the jury convict of, aggravated assault based on the mere character of the weapon." (*People v. Aguilar, supra,* 16 Cal.4th at p. 1037, fn. 10.) This exception recognizes that " 'there are nonordinary uses to which one can put an inherently deadly weapon . . . without altering the weapon's inherently deadly character.' " (*In re L.J., supra*, at p. 50.) The court provided an example of a defendant using a dagger—an inherently dangerous weapon—to cut a single strand of a sleeping person's hair. (*Ibid.*) In that example, the defendant committed an assault with a deadly weapon but not an assault with force likely to cause great bodily injury, and thus the latter offense is not a lesser included offense of the former. (*Ibid.*)

We adhere to the reasoning of *In re L.J.* and conclude that, because assault with a deadly weapon can be committed without the use or threat of

6

force likely to produce great bodily injury, assault with force likely is not a necessarily included offense of assault with a deadly weapon under the elements test. We thus turn to the accusatory pleading test.

## B. The Accusatory Pleading Test

"Under the accusatory pleading test, a lesser offense is included within a greater ' " 'if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' " ' " (*In re Fernando C.* (2014) 227 Cal.App.4th 499, 503.) " '[T]he required notice is given when the specific language of the accusatory pleading adequately warns the defendant that the People will seek to prove the elements of the lesser offense.' " (*People v. Reed*, *supra*, 38 Cal.4th at p. 1229.) "Consistent with the primary function of the accusatory pleading test—to determine whether a defendant is entitled to instruction on a lesser uncharged offense—we consider *only* the pleading for the greater offense." (*People v. Montoya* (2004) 33 Cal.4th 1031, 1036.)

Here, for count three, the first amended information alleges only that on or about February 18, 2020, Pack committed an assault upon Markham with a "stabbing weapon" in violation of subdivision (a)(1) of section 245, which sets forth the offense of assault with a deadly weapon. A weapon designed for stabbing is an inherently dangerous weapon. (See *People v. Mowatt* (1997) 56 Cal.App.4th 713, 719 [characterizing "inherently dangerous stabbing weapons" as those "primarily designed for thrusting or stabbing" as opposed to cutting tools that may be used as weapons].) Nothing in the language of the information indicates whether Pack used the stabbing weapon in a way likely to produce great bodily injury. The information therefore did not sufficiently put Pack on notice that the prosecution would

seek to prove the elements of assault with force likely to produce great bodily injury.

Because assault with force likely is not a necessarily included offense to assault with a deadly weapon under either the elements test or the accusatory pleading test, we agree with the parties that Pack did not receive the notice required by due process that he could face conviction for assault with force likely as an offense necessarily included within the charged offense of assault with a deadly weapon.

## II. Pack's Right to Due Process Was Violated Even Assuming the Material Variance Test Applies

As mentioned, we requested supplemental briefing from the parties about whether Pack's due process claim was subject to the material variance analysis of *Collins* and its progeny, *Chavez*, and the result of that analysis. After considering the parties' supplemental briefing, we find no basis to alter our conclusion that Pack did not receive the notice that due process requires.

### A. *Collins* and *Chavez*

Decided in 1960, *Collins* is derived from the material variance test that was used to determine whether a defendant had adequate due process notice of the particulars of the crimes with which he or she was charged. (*People v. Williams* (1945) 27 Cal.2d 220, 225–226.) Under that test, a discrepancy between preliminary hearing and trial evidence as to the particulars of the charged crime is not material unless "it is of such a substantive character as to mislead the accused in preparing his defense . . . ." (*Id.* at p. 226.) *Collins* appears to be the first case in which that test was used to determine whether a defendant received adequate notice that he could be convicted of an uncharged offense not necessarily included in any of the charged offenses.

In *Collins*, the information charged the defendants with rape with force in violation of section 261, subdivision (3), but a jury found them guilty of

8

rape in violation of subdivision (1) of that section for intercourse with a female under the age of 18. (*Collins*, *supra*, 54 Cal.2d at p. 58.) Citing *People v. Craig* (1941) 17 Cal.2d 453, 455, the Supreme Court found that the subdivisions of section 261 "do not state different offenses but merely define the different circumstances under which an act of intercourse constitutes the crime of rape." (*Collins*, *supra*, at p. 59.) In coming to this conclusion, the *Craig* court had relied on prior case law determining that the Legislature intended to create one crime of rape in that section. (*People v. Craig*, *supra*, at pp. 455–456.) Based on this conclusion, the *Collins* court treated the discrepancy between the pleading and the judgment as a "variance" which would invalidate the judgment only if prejudicial to the defendants. (*Collins*, *supra*, at pp. 59–60.) The court found no prejudice because "[n]ot only was it proved at the preliminary hearing that the prosecuting witness was 15 years of age, but the attorney for one of the defendants then expressed the view that the evidence tended to show statutory rape only." (*Id.* at p. 60.) The court further noted that the defendants did not claim that they would or could dispute the age of the prosecuting witness. (*Ibid.*) Under those facts, the court concluded that the variance was "immaterial" and it affirmed the judgments. (*Ibid.*)

After *Collins* was decided, the Second District applied the material variance test in *People v. Chavez*, *supra*, 268 Cal.App.2d 381. There, the defendant was charged with assault with a deadly weapon under subdivision (a)(1) of former section 245 but found guilty of assault with force likely under the same subdivision after a bench trial. (*Chavez*, at pp. 382–383.) On appeal, the court applied *Collins* based on its conclusion that assault with a deadly weapon and assault with force likely are two ways to commit the crime of aggravated assault. (*Id.* at pp. 385–386.) The court

9

found that the evidence adduced at the preliminary hearing "fully informed" the defendant as to the facts relied on to establish the assault, and "[a] fair reading of the record before us and the fact that there is no contention of error in the variance . . . establishes beyond any doubt" that the variance was immaterial.  (*Ibid*.)  The court therefore affirmed the defendant's conviction for assault with force likely.  (*Id*. at p. 386.)

The Legislature has since amended section 245, moving assault with force likely and assault with a deadly weapon into separate paragraphs under subdivision (a) of section 245.  (§ 245, subdivision (a), as amended by Stats. 2010, ch. 178, § 53.)  As we have noted, in *Aguayo,* the Supreme Court found, based on section 245's language and that section's legislative history, that the Legislature intended for assault with a deadly weapon and assault with force likely to constitute the same offense under the current version of section 245.[2]  (*Aguayo, supra*, at pp. 982–985.)

With this precedent in mind, we turn to the parties' arguments regarding the applicability of the material variance test and whether the variance, if any, was prejudicial to Pack.

**B. The Parties' Contentions**

Citing *People v. Lohbauer* (1981) 29 Cal.3d 364 (*Lohbauer*), Pack argues in his supplemental briefing that *Collins* does not apply here, and even if it

---

[2] Although the issue before the court in *Aguayo* concerned section 954 (*Aguayo, supra*, 13 Cal.5th at p. 979), when *Collins* found that rape was but one offense under section 261, it relied on the section 954 analysis in *Craig* (*Collins, supra*, 54 Cal.2d at p. 59; *People v. Craig, supra*, 17 Cal.2d at pp. 454–456).  We recognize that the due process inquiry raises notice issues that are not present when applying section 954, but we need not resolve whether a "same offense" analysis for the purpose of section 954 necessarily triggers a *Collins* material variance analysis, because below we reach the same result even assuming that analysis applies.

did apply, the variance between the accusatory pleading and the offense with which he was convicted was material and prejudicial. The Attorney General does not address the issue of whether *Collins* applies, arguing only that there is a variance, and that the variance was immaterial because the prosecutor's overview of the evidence at the preliminary hearing and section 995 hearing fully informed Pack that the prosecutor intended to rely on facts that Pack assaulted the victim in a way that was likely to produce great bodily injury.

In *Lohbauer*, the defendant asked the Supreme Court to reverse a conviction for the misdemeanor offense of entering a noncommercial dwelling without the consent of the owner under section 602.5 because he had been charged with burglary under section 459. (*Lohbauer, supra*, 29 Cal.3d at p. 368.) Relying on the "fundamental" rule that the court lacks jurisdiction to convict a defendant of an offense that is neither charged nor necessarily included in the alleged crime (*ibid.*), the court held that the defendant's conviction of violation of section 602.5 could not be sustained because he was not charged with that offense, and it was not necessarily included within the burglary charge (*Lohbauer*, at p. 369).

Citing *Collins*, the prosecution argued that the court should adopt a test for necessarily included offenses in which it would hold immaterial any variance between an offense charged and a lesser offense of which a defendant is convicted unless the variance was prejudicial to the defendant. (*Lohbauer, supra*, 29 Cal.3d at pp. 369–370.) The prosecution contended that the variance in that case was not prejudicial because the evidence offered at the preliminary hearing put the defendant on notice of the " 'specific conduct' " that supported his conviction of the uncharged offense of unauthorized entry. (*Id.* at p. 370.) The court rejected such a test in part because "serious due process questions would be raised by its adoption, not

11

the least of which would be the determination of when the test had been met." (*Ibid.*) It reasoned that "[i]t may be very difficult to ascertain from developments which occur during trial whether a defendant is 'misled to his prejudice' and 'prevented from preparing an effective defense.' It may never be known with any confidence after a conviction what defenses might have been asserted had defendant been given adequate and advance notice of the possible offenses for which he was criminally vulnerable." (*Ibid.*) The court further found that "[t]he difficulties readily apparent in attempting such a factual inquiry in the course of appellate review do not commend for adoption the proposed new definition." (*Id.* at p. 371.) The court explained that "[i]nsisting that [the defendant] be informed in the accusatory pleading of the charges against him . . . fully satisfies a well established fundamental of due process." (*Id.* at p. 370.)

With respect to *Collins*, the court held that the force of its specific holding "has been abrogated, of course, by the Legislature's repeal of subdivision 1 of section 261 and the enactment in 1970 of a separate statute, section 261.5 prohibiting sexual intercourse with a female under age 18." (*Lohbauer*, *supra*, 29 Cal.3d at p. 372.) And "[i]n any event, *Collins* had neither redefined a 'necessarily included' offense within the meaning of section 1159, nor departed from the rule of that statute; it had held only that rape was one crime within that meaning." (*Ibid.*) Therefore, the court concluded that *Collins* was "not authority for any expanded definition of 'necessarily included' offenses." (*Ibid.*)

Because the charged offense of assault with an inherently deadly weapon does not require the same proof as assault with force likely, and the evidence adduced at the preliminary hearing in this case supported the charged offense, we are presented with the same due process concerns raised

by the *Lohbauer* court in that we cannot know with any certainty how the proceedings might have progressed and what defenses Pack might have asserted had he had adequate and advance notice that he could be convicted of assault with force likely. The Attorney General does not argue that application of the material variance test is supported by the Supreme Court's decision in *Aguayo*, describing the case as having "no bearing" on Pack's due process claim, and the Attorney General's contention that we should find no due process violation in light of the evidence presented at the preliminary hearing is the approach the Supreme Court rejected in *Lohbauer*. (*Lohbauer*, *supra*, 29 Cal.3d at pp. 369–370.) Our research has not revealed any published cases decided after *Lohbauer* that applied the *Collins* test to determine whether there is a due process violation where the accusatory pleading provided no notice to the defendant that he or she could be convicted of a particular offense.

But even if we assume that the material variance test has continuing validity in these circumstances, the variance between the accusatory pleading and Pack's conviction was material and prejudicial. This is not a case like *Collins* where the facts supporting the variance—in that case, the victim's age—could not be disputed by the defendants, and where defense counsel *expressly acknowledged* at the preliminary hearing that the evidence supported only the offense of which the defendants were ultimately convicted. Here, the accusatory pleading indicated only that Pack's alleged assault involved an inherently deadly weapon, and the parties produced evidence at the preliminary hearing regarding the nature of the weapon officers found on Pack's person. Although the evidence adduced at the preliminary hearing also showed that Pack swung the weapon in a downward motion at Markham, evidence that the prosecutor cited at the section 995 hearing in

13

connection with Pack's self-defense claim, none of the parties agreed or even contended at those hearings that the evidence could also support assault with force likely. Moreover, when Markham testified at trial regarding Pack's alleged assault on him, he demonstrated with his own arm that Pack swung at him with a "balled fist . . . across the middle of his body from right to left[,]" rather than in a downward motion. Had defense counsel been notified that the prosecution intended to proceed under a theory of assault with force likely, she would have been incentivized to address the inconsistencies in the evidence regarding Pack's use of force. But it was not until after the defense had rested its case that the court informed Pack it intended to instruct the jury on assault with force likely as a lesser included offense of assault with a deadly weapon. Unlike *Chavez*, defense counsel in this case objected to the instruction on the ground that assault with force likely was not "the theory that the district attorney was operating under from the beginning of this trial and throughout." Under these circumstances, we cannot conclude that Pack was not prejudiced, and therefore we cannot affirm his conviction for assault with force likely. We thus consider the Attorney General's request to modify the conviction for assault with force likely to the lesser included crime of simple assault.

### III. Pack's Conviction Should Not Be Modified from Assault with Force Likely to Simple Assault

Citing section 1260, the Attorney General requests that instead of reversing the judgment for count three, we modify it to reflect a conviction for simple assault, which is a lesser included crime of both assault with a deadly weapon and assault with force likely. The Attorney General reasons that, notwithstanding that Pack's conviction for assault with force likely is inconsistent with due process, to convict Park of that offense the jury necessarily found true all of the elements required to sustain a conviction for

14

the lesser included offense of simple assault, and due process poses no obstacle to a conviction for *that* offense because it is also a lesser included offense of the crime with which he *was* charged (but not convicted), assault with a deadly weapon.

Section 1260 provides, in pertinent part: "The court may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense . . . or the punishment imposed . . . ." Although section 1260 " 'seems to confer plenary power of modification on a reviewing court[,] it was not so intended.' " (*People v. Romo* (1967) 256 Cal.App.2d 589, 596.) Rather, the 1949 amendment of section 1260 was intended to " 'bring [the statute] into accord with section 1181(6) with respect to reduction of the degree of an offense . . . .' " (*People v. Navarro* (2007) 40 Cal.4th 668, 678 (*Navarro*).) Section 1181, subdivision (6) provides that a court may grant an application for a new trial "[w]hen the verdict or finding is contrary to law or evidence, but if the evidence shows the defendant to be not guilty of the degree of the crime of which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict, finding or judgment accordingly without granting or ordering a new trial, and this power shall extend to any court to which the cause may be appealed." (§ 1181, subd. (6).) "The purpose of Penal Code section 1181, subdivision (6), is to obviate the necessity of a new trial where the court believes there is sufficient evidence to establish the lesser offense but not the greater." (*People v. McClellan* (1980) 107 Cal.App.3d 297, 302, citing *People v. Serrato* (1973) 9 Cal.3d 753, 761, disapproved of on another ground by *People v. Fosselman* (1983) 33 Cal.3d 572, 583, fn. 1; see *People v. Watson* (1983) 150 Cal.App.3d 313, 317, 323, disapproved of on another ground by *People v. Sanchez* (2001) 24 Cal.4th 983, 990.) A court's authority to modify a judgment of conviction

15

to reflect a lesser included offense is permissive, not mandatory. (*People v. Hamilton* (2018) 30 Cal.App.5th 673, 685.)

The Legislature added subdivision (6) of section 1181 in response to our Supreme Court's decision in *People v. Nagy* (1926) 199 Cal. 235, 239, in which the court found insufficient the evidence supporting the defendant's conviction for first degree arson. (See *Navarro, supra*, 40 Cal.4th at p. 676.) In *Nagy,* the court concluded that the evidence was sufficient to sustain the lesser included offense of second degree arson, but found that it did not have constitutional or statutory authority to modify the verdict to the lesser included crime. (*People v. Nagy*, *supra*, at p. 239.) After the Legislature added section 1181, subdivision (6), the Supreme Court applied it in *People v. Kelley* (1929) 208 Cal. 387 by modifying the defendant's first degree murder conviction to reflect a conviction for manslaughter after finding insufficient evidence supported the defendant's first degree murder conviction. (*Id.* at p. 393.)

As the Supreme Court later explained, "[n]umerous cases, both from this court and the Courts of Appeal, subsequently applied *Kelley* to modify a verdict on appeal to reflect a conviction on a lesser included offense after finding insufficient evidence supported conviction of the greater offense." (*Navarro, supra*, 40 Cal.4th at p. 677.) The cases cited by the Attorney General—*People v. Matian* (1995) 35 Cal.App.4th 480 and *People v. Beasley* (2003) 105 Cal.App.4th 1078—likewise involve a situation in which, consistently with the language of section 1181, subdivision (6) regarding the court's power to modify a judgment or verdict, the claimed error was insufficiency of the evidence. The Attorney General has not cited, and we have not found, any case holding that it may be applied in other contexts. (See *People v. Lathrop* (1986) 181 Cal.App.3d 1217, 1221 [statute did not

16

authorize the trial court to modify the verdict to reflect conviction of a lesser included offense where the court "did not find, nor did defendant argue, that there was insufficient evidence to support the verdict and findings" under the greater offense]; *People v. Baca* (1966) 247 Cal.App.2d 487, 497 [power to modify the verdict under statute "applies only where the evidence shows defendant to be not guilty of the offense of which he was found guilty"].)  We also note that the Supreme Court has cautioned that the statute should not be expanded "beyond the scope of its evident purpose" (*Navarro, supra,* 40 Cal.4th at p. 679), finding, for example, that it did not authorize modification of a judgment to reflect convictions for two lesser offenses (*id.* at pp. 680–681), nor to reflect a conviction for a lesser *related* offense (*People v. Lagunas* (1994) 8 Cal.4th 1030, 1039).

The error in this case is one of due process, not the insufficiency of the evidence to support the conviction of a greater offense.  Moreover, the Attorney General does not cite any authority establishing that it is proper for us to rely on what the jury must have found true in order to convict Pack of an offense in violation of due process.  Accordingly, we are not persuaded that we may expand the scope of section 1260 to modify the judgment as the Attorney General requests, and assuming we could, that we should exercise our discretion to do so.

## DISPOSITION

The conviction of assault with force likely as a lesser included offense of assault with a deadly weapon is reversed.[3]  The trial court is directed to

---

[3] Remand for resentencing is unnecessary because the sentence on count three for assault with force likely is concurrent with those on the other counts, and therefore the conviction does not affect Pack's overall sentence.

17

prepare an amended abstract of judgment and to forward a copy to the Department of Corrections. In all other respects, the judgment is affirmed.

GOLDMAN, J.

WE CONCUR:

STREETER, Acting P. J.
BROWN, J.

18

| | |
|---|---|
| Trial Court: | Contra Costa County Superior Court |
| Trial Judge: | Anita L. Santos |
| Counsel for Defendant and Appellant: | HAMRICK LEGAL<br>Lillian Hamrick |
| Counsel for Plaintiff and Respondent: | Rob Bonta<br>Attorney General of California<br>Lance E. Winters<br>Chief Assistant Attorney General<br>Jeffrey M. Laurence<br>Senior Assistant Attorney General<br>Donna M. Provenzano<br>Supervising Deputy Attorney General<br>Clarissa Limón<br>Deputy Attorney General |