## THE PEOPLE v. McMAKIN.

The drawing of a pistol on another, accompanied by a threat to use it, unless the other immediately leave the spot, is an assault, although the pistol is not pointed at the person threatened.

The drawing the weapon, accompanied by a threat to use, is sufficient to justify the jury in finding an intent to commit a bodily injury.

APPEAL from the Court of Sessions of San Francisco County.

The prisoner was indicted, tried, and convicted, of an assault with a deadly weapon, with intent to inflict a bodily injury. A motion was made for a new trial, which was overruled, and the prisoner appealed.

The opinion of the Court contains a full statement of the case.

*A. M. Heslep*, for Appellant.

*W. T. Wallace, Attorney-General*, for the People.

BURNETT, J., delivered the opinion of the Court—FIELD, J., concurring.

It is objected by the learned counsel of the prisoner, that the testimony for the people did not establish the commission of any assault. The facts of the case, so far as they are necessary to explain the point, were substantially these: John L. Green, the person alleged to have been assaulted, was riding on horseback, on his way to San Francisco, along a trail that ran through certain lands in dispute between the parties, when he was intercepted by the prisoner, who threatened to shoot the prosecutor if he did not leave the land, at the same time drawing a Colt's revolver, which he held in a perpendicular line with the body of Green, but with the instrument so pointed, that the ball would strike the ground before it reached the witness, had the pistol been discharged. The prosecutor turned his horse and rode off, and the prisoner did not pursue him.

An assault is defined by our statute to be an "unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another." Wood's Dig., 335, § 49.

The intention to commit the act is necessary to constitute the offence in all cases. 1 Salk., 33; 3 Ch. Cr. L., 821, note 1; Russell on Crimes, 750.

As to what shall constitute evidence of such intention, is the question arising in this case. The ability to commit the offence was clear. Holding up a fist in a menacing manner, drawing a sword, or bayonet, presenting a gun at a person who is within its range, have been held to constitute an assault. So, any other similar act, accompanied by such circumstances as denote an intention existing at the time, coupled with a present ability of using actual violence against the person of another, will be considered an assault. See the authorities above cited.

In the case of Hays v. The People, 1 Hill, 351, it was held that it was not essential to constitute an assault that there should be a *direct attempt* at violence.

When there is any competent evidence before the jury to show the intent to commit an assault, it is for them to determine the question of intention. The intention must be to commit a present, and not a future injury, upon a different occasion. The acts done must be in preparation for an immediate injury.

But can the offence be committed when the intention is but *conditional?* For example: suppose the prisoner intercepted the prosecutor with the intention to intimidate him, if he could, and if he could not, then to shoot him; and suppose he drew his pistol for the purpose of carrying out his intention, so as to be in readines to use it instantly upon the refusal of the prosecutor to retire, would these facts constitute an assault?

If the prisoner did not intend to use the pistol at all, except for the sole purpose of intimidation, then, it is apprehended, the offence would not have been complete. But when the intent is to go further, if necessary, to accomplish the purpose intended, and preparations are actually made, and weapons drawn, and placed in a position to be instantly used offensively, and with effect, against another, and not in self-defence, it would seem to be clear that the offence would be complete. Suppose, in this case, the prosecutor had instantly killed the prisoner, would it have been justifiable homicide? The prisoner put himself in a position to use the weapon in an instant, having only to elevate the pistol and fire, at the same time declaring his intention to do so, unless the prosecutor would leave the ground. It is true, the threat was conditional, but the condition was present, and not future, and the compliance demanded was immediate. Where a party puts in a condition which must be at once performed, and which condition he has no right to impose, and his intent is immediately to enforce performance by violence, and

he places himself in a position to do so, and proceeds as far as it is *then* necessary for him to go in order to carry out his intention, then it is as much an assault as if he had actually struck, or shot, at the other party, and missed him. It would, indeed, be a great defect in the law, if individuals could be held guiltless under such circumstances.

The drawing of a weapon is generally evidence of an intention to use it. Though the drawing itself is evidence of the intent, yet that evidence may be rebutted when the act is accompanied with a declaration, or circumstances, showing no intention to use it. But when the party draws the weapon, although he does not *directly* point it at the other, but holds it in such a position as enables him to use it before the other party could defend himself, at the same time declaring his determination to use it against the other, the jury are fully warranted in finding that such was his intention.

Upon the whole record we can see no error in the action of the Court below, and the judgment is, therefore, affirmed.