**Andre DEDMON, Petitioner—Appellant,**

v.

**Ernie ROE, Warden; Attorney General of the State of California, Respondents—Appellees.**

No. 01–55895.

D.C. No. CV–01–01050–DT.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 10, 2002.

Decided Oct. 22, 2002.

Before GOODWIN, RYMER, and McKEOWN, Circuit Judges.

### MEMORANDUM *

Andre Dedmon appeals the district court's dismissal of his petition for a writ of habeas corpus. He argues that he is entitled to relief under the Antiterrorism and Effective Death Penalty Act (AEDPA) because: (1) there was insufficient evidence to support his convictions for assault under California law; and (2) his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment. We affirm.

█ The California Court of Appeal did not unreasonably apply *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), in finding sufficient evidence to support Dedmon's convictions for assault with a firearm. Due process requires that proof of a crime be estab-

lished beyond a reasonable doubt. *Id.* at 315–16. A verdict is supported by evidence which satisfies due process if, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis in original).

"Assault" is defined by California Penal Code § 240 as the "unlawful attempt, coupled with the present ability, to commit a violent injury on the person of another." The California Supreme Court has explained that assault is not a specific intent crime:

> [A]ssault does not require a specific intent to cause injury or a subjective awareness of the risk that an injury might occur. Rather, assault only requires an intentional act and actual knowledge of those facts sufficient to establish that the act by its nature will probably and directly result in the application of physical force against another.

*People v. Williams,* 26 Cal.4th 779, 790, 111 Cal.Rptr.2d 114, 29 P.3d 197 (2001).

Here, a rational trier of fact could have inferred that Dedmon's intentional act of drawing a loaded semi-automatic and waving it at two people in a car stopped in traffic would probably and directly result in the application of physical force. *See People v. McMakin,* 8 Cal. 547, 549 (1857) (noting that drawing a weapon generally constitutes rebuttable evidence of an intention to use it). Accordingly, the California Court of Appeal did not clearly err in finding sufficient evidence to support Dedmon's convictions of assault. Dedmon is, therefore, not entitled to habeas relief on insufficiency of the evidence grounds. *See Van Tran v. Lindsey,* 212 F.3d 1143, 1153–54 (9th Cir.2000) (reversal of state decision

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

as an unreasonable application of federal law is proper only if independent review shows that the state court clearly erred).

■ Dedmon is also not entitled to relief on Eighth Amendment grounds. His sentence of 26 years and 4 months imposed for waving a gun in the direction of two people in a car parked in traffic and then walking away is indeed severe. However, this case presents no inference of "gross disproportionality" required to find an Eighth Amendment violation. *See Andrade v. Atty. General of California*, 270 F.3d 743, 754 (9th Cir.2001), *cert. granted*, —— U.S. ——, 122 S.Ct. 1434, 152 L.Ed.2d 379 (2002) (explaining that the Ninth Circuit, as well as most lower federal courts, treat Justice Kennedy's concurring opinion in *Harmelin v. Michigan*, 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991), a plurality decision, as the governing Eighth Amendment standard for evaluating cruel and unusual punishment claims).

The threshold determination in reviewing Eighth Amendment cruel and unusual punishment challenges is whether a comparison of the gravity of the defendant's offense to the harshness of the penalty raises an inference of "gross disproportionality." *Andrade*, 270 F.3d at 757 (citing *Harmelin*, 501 U.S. at 1005 (Kennedy, J., concurring)). Only if such an inference is raised, should the court proceed to the second and third factors, which require an intrajurisdictional an interjurisdictional comparison. *Id.* Thus, "a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate." *Harmelin*, 501 U.S. at 1004 (Kennedy, J., concurring) (quoting *Solem v. Helm*, 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983)).

■ "As *Harmelin* makes clear, simply because a sentence is harsh does not mean that it is disproportionate to the crime." *Andrade*, 270 F.3d at 759. The punishment must be evaluated in light of the gravity of the offense in order to determine whether there is an inference of "gross disproportionality." *Id.* And a "state is justified in punishing a recidivist more severely than it punishes a first offender." *Solem*, 463 U.S. at 296. Thus, prior convictions may bear in sentencing repeat offenders. *Id.* at 297 n. 21.

The relevant Supreme Court cases put the gravity of Dedmon's offense in proper Eighth Amendment context. In *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), the Court upheld a life sentence with the possibility of parole in as few as 12 years for a third-time nonviolent felony recidivist. There, the defendant's two prior felonies were for fraudulent use of a credit card to obtain $80 worth of goods or services and passing a forged check for $28.36. *Id.* at 265–66. His present offense was for obtaining $120.75 by false pretenses. *Id.* at 266.

Three years later, the Court in *Solem* struck down a life without the possibility of parole sentence for a defendant for uttering a "no account" check for $100, despite the fact that the defendant had six prior felony convictions. 463 U.S. at 279–80. Noting that the six prior convictions were all nonviolent, the Court applied the three factors and held that a life sentence without the possibility of parole was grossly disproportionate to the crime of uttering a "no account" check. *Id.*

And finally, a plurality decision in *Harmelin* upheld a sentence of life in prison without the possibility of parole for possession of more than 650 grams of cocaine, despite the fact that it was the defendant's first felony offense. 501 U.S. at 994–96, 1002. There, Justice Kennedy contrasted "the relatively minor, nonviol-

ent crime at issue in *Solem*" with the serious nature of Harmelin's offense, which "threatened to cause grave harm to society" and found no inference of gross disproportionality. *Id.* at 1002. Given the "direct nexus between illegal drugs and crimes of violence," Justice Kennedy reasoned that Harmelin's crime was "as serious and violent as the crime of felony murder without the specific intent to kill." *Id.* at 1003–04.

Dedmon argues that his sentence of 26 years and 4 months is grossly disproportionate given that he "did not fire the gun, strike anyone with it, threaten anyone, or inflict any physical harm." Nevertheless, drawing a fully loaded semiautomatic and waving it in public, whether characterized as misdemeanor brandishing or felonious assault with a firearm, poses grave dangers to society. Moreover, as Dedmon was sentenced as a recidivist, the gravity of his offense cannot be assessed independently of his previous criminal conduct. *See Andrade*, 270 F.3d at 760. His predicate serious felony, counted as a "first strike," was assault with a firearm committed as a juvenile in 1986 (shooting the victim twice over a dispute concerning an automobile engine).

In sum, given Dedmon's prior violent felony conviction taken together with the serious threat guns pose to society and the deference required with respect to state legislatures' determinations of sentences for felony convictions, we cannot say that Dedmon's sentence is "grossly disproportionate." Accordingly, we do not reach the second and third factors. Dedmon is not entitled to habeas relief on Eighth Amendment grounds.

The judgment of the district court is AFFIRMED.