Filed 6/23/15  In re B. W. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re B. W., a Person Coming Under the Juvenile Court Law. | C075965 |
| THE PEOPLE, | (Super. Ct. No. 70175) |
| Plaintiff and Respondent, | |
| v. | |
| B. W., | |
| Defendant and Appellant. | |

In this case, the minor, B. W., contends the evidence did not support the trial court's finding that he committed assault with a deadly weapon because he did not engage in "any assaultive conduct . . . toward the alleged victim."  We disagree and affirm.

1

FACTUAL AND PROCEDURAL BACKGROUND

During the fall of 2013, Alexis C., the victim, got into an argument with the minor and his friend, Daniella R., at their high school. After the argument began to escalate, Daniella pulled the minor away and another student, Brittney B., pulled Alexis away. Alexis testified that her purse had fallen to the ground and she "went back to go get [it]." While Alexis approached, the minor "reach[ed] inside his backpack." When Alexis reached for her purse, she saw a gun in the minor's hand. After pulling out the gun, he "[f]lashed it[ and] waved it," and pointed it in Alexis's direction. The minor said, " 'If anybody wants it, they can get it,' " while looking directly at Alexis. Alexis told the minor to put the gun away. The minor put the gun into his backpack and Alexis left.

The minor gave C. M. his backpack and told C. that it had "heat" in it. C. moved the gun from the minor's backpack to his own. Alexis and her boyfriend encountered the minor again and the three started talking. Stockton Police Officer Chris Anisko arrived, as did the principal and security. The principal escorted the minor away. Officer Anisko was walking Alexis and her boyfriend to the office when he overheard Alexis say that the minor had pointed a gun at her. Officer Anisko then spoke to the minor and asked the minor if he had a handgun on him. The minor said that he did not. Officer Anisko asked him where his backpack was. The minor told Officer Anisko that he had given his backpack to C. Officer Anisko went to C.'s class, had C. pulled out, and searched him. In response to Officer Anisko's questioning, C. revealed that he had a gun in his backpack. Officer Anisko handcuffed C., took C. to his office, and secured the gun. Officer Anisko returned to the minor and read him his Miranda[1] rights, questioned him, and arrested him.

---

[1]     *Miranda v. Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694].

A petition was filed alleging that the minor committed assault with a deadly weapon (among other offenses). The trial court found most of the allegations, including the allegation of assault with a deadly weapon, true. The minor was committed to juvenile hall for 22 days and ordered to serve 23 additional days of house arrest and 100 hours of community service. This appeal followed.

DISCUSSION

On appeal, the minor contends the trial court's finding that he committed assault with a deadly weapon is not supported by substantial evidence. He argues Alexis's testimony did not describe conduct that "amount[s] to an assault with a firearm." We disagree.

To the extent the minor suggests the evidence against him was insufficient because "according to every . . . witness called to testify [other than Alexis], absolutely no one observed [the minor] point a gun at [Alexis]," that argument is without merit because " 'unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a conviction.' " (*People v. Brown* (2014) 59 Cal.4th 86, 106.) Alexis's testimony is therefore sufficient to sustain the trial court's finding, provided the conduct she described constituted an assault.

We "view the [record on appeal] in the light most favorable to the respondent . . . and [we do] not disturb the finding of the trier of fact if there is substantial evidence in the record in support thereof" (*Estate of Isenberg's* (1944) 63 Cal.App.2d 214, 216-217) to determine that the minor made " 'an unlawful attempt, coupled with a present ability, to commit a violent injury upon the person of another with a deadly weapon' " (*People v. Rocha* (1971) 3 Cal.3d 893, 900, fn. 13). Alexis testified that she bent down to retrieve her purse following the argument with the minor and, as she did so, she saw a gun in the minor's hand. She testified that the minor "[f]lashed it[ and] waved it," pointed it in her direction, and said, " 'If anybody wants it, they can get it.' " The minor argues "[t]his conduct does not amount to an assault with a firearm," because he "did not pull out [the]

3

gun during the altercation," but only afterward; he "did not confront [Alexis] with the firearm"; he did not "use [the] gun in any threatening manner"; and he did not display "any assaultive conduct . . . toward [Alexis]." Stated another way, he contends he "did not knowingly commit an intentional act, with knowledge of facts sufficient to lead a reasonable [child] to realize that the act by its nature would probably and directly result in the application of physical force against another."

The conduct Alexis described constitutes assault with a deadly weapon. In *People v. Chance* (2008) 44 Cal.4th 1164, our Supreme Court affirmed a conviction for assault with a deadly weapon (*id.* at p. 1176) when the defendant attempted to point a gun at a pursuing police officer but failed because the officer managed to get behind the defendant (*id.* at p. 1168). "[I]t is a defendant's action enabling him to inflict a present injury that constitutes the actus reus of assault. . . . [¶] [W]hen a defendant equips and positions himself to carry out a battery, he has the 'present ability' required [for assault] if he is capable of inflicting injury on the given occasion, even if some steps remain to be taken, and even if the victim or surrounding circumstances thwart the infliction of injury." (*Id.* at p. 1172.) "[I]t [i]s not necessary that the prosecution . . . show that the [minor] actually made an attempt to . . . use the [firearm] upon [the victim]." (*People v. McCoy* (1944) 25 Cal.2d 177, 189, italics omitted.) "The drawing of a weapon is generally evidence of an intention to use it . . . . [W]hen the party draws the weapon . . . [and] holds it in such a position as enables him to use it before the other party could defend [her]self, at the same time declaring his determination to use it . . . , the jury are fully warranted in finding that such was his intention." (*People v. McMakin* (1857) 8 Cal. 547, 549.) The minor here, according to Alexis's testimony, drew a loaded gun, pointed it at Alexis, and made threatening statements. The trial court did not err in finding that the minor committed assault with a deadly weapon.

4

DISPOSITION

The judgment is affirmed.

       ROBIE       , Acting P. J.

We concur:

      MAURO     , J.

      HOCH      , J.