Filed 10/21/21  P. v. Canedos CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B307948 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. MA077847) |
| v. | |
| RONALD REYES CANEDOS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Shannon Knight, Judge.  Affirmed.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Noah P. Hill and Peggy Z. Huang, Deputy Attorneys General, for Plaintiff and Respondent.

———————————————

Defendant and appellant Ronald Reyes Canedos challenges the sufficiency of the evidence of his conviction for assault with a deadly weapon.  (Pen. Code,[1] § 245, subd. (a)(1).)  He argues that we must reduce his conviction to brandishing a deadly weapon (§ 417, subd. (a)(1)) because the evidence did not show that he did an act with his knife that by its nature would directly and probably harm the victim.  He also contends that the trial court erred by failing to instruct the jury on brandishing, which he claims was a lesser included offense of assault with a deadly weapon under the expanded accusatory pleading test.  We disagree and affirm.

## FACTUAL AND PROCEDURAL SUMMARY

On December 17, 2019, Canedos went to a home in Palmdale where his wife, O.S., lived with her mother, T.M.  Canedos no longer lived with O.S.  They had two young children, R.C. and H.C., who also lived with O.S., T.M., and T.M.'s young twin sons.

At around 9:50 p.m. that night, Canedos had an argument with O.S.  T.M. heard noises and went into the bedroom to intervene.  She saw that Canedos had cornered O.S. and was screaming "say it one more time" at her while holding a large knife.  H.C. told sheriff's deputies that night that Canedos told O.S., " '[C]all me loser one more time and then I'm a chop you up.' "  According to H.C., Canedos then told T.M., " '[I]f you don't move out of the way so I can leave, I'm gonna end up chopping everybody up.' "

---

[1] Subsequent statutory references are to the Penal Code.

T.M. yelled for one of her young sons to call 911, and Canedos said, "[I]f you call the police, I will kill you." T.M. tried to intervene to protect O.S., and the two of them, along with Canedos, made their way out of the bedroom to the hallway. T.M. went to the kitchen and called 911. A recording of the call was played to the jury. During the call, a voice identified as O.S.'s says, "[M]omma stop! He is gonna stab me." Shortly afterward, T.M. tells the operator that Canedos "was trying to stab my daughter."

Canedos left the scene before police arrived and went to his mother's house. Sheriff's deputies discovered the Jeep Canedos was driving at his parents' residence. They searched the vehicle and found a large, sharp butcher knife on the driver's side of the floorboard.

Canedos testified that he had gone to O.S.'s home the morning before the incident to sleep off the effects of methamphetamine that he had used, and that he held a new fishing knife on his chest while he slept. He denied pointing the knife at O.S. or threatening her.

An information charged Canedos with one count of assault with a deadly weapon (§ 245, subd. (a)(1)), two counts of criminal threats (§ 422, subd. (a)), and one count of dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)). The trial court granted Canedos's motion for a judgment of acquittal for insufficient evidence (§ 1118.1) on one of the counts of criminal threats, and dismissed the other count of criminal threats under section 1385 because the prosecutor elected not to proceed on that count. The jury convicted Canedos of assault with a deadly weapon but acquitted him of dissuading a witness. The court sentenced Canedos to six years eight months in prison. The court

imposed the high term of four years for assault with a deadly weapon, plus four consecutive eight-month terms on a prior case after the court found him in violation of his probation.

## DISCUSSION

### A. *Sufficiency of the Evidence of Assault with a Deadly Weapon*

Canedos contends that there was insufficient evidence to support his conviction of assault with a deadly weapon. In reviewing sufficiency of the evidence, we ask " 'whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] . . . [W]e must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.]" (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) "Because the sufficiency of the evidence is ultimately a legal question, we must examine the record independently for ' "substantial evidence—that is, evidence which is reasonable, credible, and of solid value" ' that would support a finding beyond a reasonable doubt. (*People v. Boyce* (2014) 59 Cal.4th 672, 691 . . . .)" (*People v. Banks* (2015) 61 Cal.4th 788, 804.) The evidence in this case was sufficient to meet this deferential standard.

A person violates section 245, subdivision (a) if he "commits an assault upon the person of another with a deadly weapon or instrument other than a firearm." The Penal Code defines assault as "an unlawful attempt, coupled with a present ability, to commit a violent injury on the person of another." (§ 240.) The defendant need not intend to violate the law or to cause a particular injury. (*People v. Colantuono* (1994) 7 Cal.4th 206,

4

214.) Instead, the prosecution must show only that the defendant " 'willfully committed an act that by its nature will probably and directly result in injury to another, i.e., a battery.' " (*People v. Golde* (2008) 163 Cal.App.4th 101, 109.)

Canedos claims that there was insufficient evidence that he committed such an act. He notes that when they testified at trial, Canedos's two children did not remember seeing their father move the knife up and down in a threatening manner. T.M. also testified that Canedos kept the knife by his side and did not point it at O.S. But this testimony contradicted earlier statements by T.M. and the two children to police. The deputy sheriff who responded to the scene testified that Canedos's son R.C. told him that night that "[h]e saw [Canedos] waving the knife up and down towards . . . [O.S.] approximately six inches away from her." When reminded of the statements she made to sheriff's deputies immediately after the event, T.M. confirmed that she saw Canedos move the knife up and down in a threatening manner toward O.S. She also testified that she heard Canedos tell O.S. that he was going to kill her.

In reviewing the sufficiency of the evidence, we do not reweigh the evidence. (*People v. Collom* (2020) 52 Cal.App.5th 35, 41.) Instead, we consider only whether a reasonable jury could have convicted the defendant on the basis of the evidence presented. (*Ibid.*) In this case, a reasonable jury could have concluded that the statements from T.M. and R.C. to police regarding the night of the incident were credible, and that in their initial trial testimony they either did not remember the details of the event or were trying to protect Canedos.

Canedos also contends that even if there was evidence that he moved the knife up and down near O.S.'s face, this was not

sufficient for assault with a deadly weapon because it would not "directly and probably result in the application of force to a person" (CALCRIM No. 875) unless O.S. herself moved toward the knife. But under longstanding precedent, "it [is] not necessary that the prosecution introduce evidence to show that the appellant actually made an attempt to strike or use the knife upon the person of the" victim in order to convict a defendant of assault with a deadly weapon. (*People v. McCoy* (1944) 25 Cal.2d 177, 189, italics omitted.) In *McCoy*, the defendant held a knife suspended above the victim's face and said, " 'Don't make any noise or I'll use this knife.' " (*Id.* at p. 182.) The victim was able to free herself, and the defendant never made a stabbing motion at her, but the Supreme Court upheld his conviction of assault with a deadly weapon. (*Id.* at pp. 190–191.) In *People v. McMakin* (1857) 8 Cal. 547, the defendant pointed a gun at the ground in front of the victim and threatened to shoot him if he did not leave disputed land. (*Id.* at p. 547.) The victim rode away on horseback, and the defendant did not attempt to pursue the victim or carry out his threat, but the Supreme Court nevertheless affirmed the conviction of assault with a deadly weapon. The court reasoned that, "when the party draws the weapon, although he does not directly point it at the other, but holds it in such a position as enables him to use it before the other party could defend himself, at the same time declaring his determination to use it against the other, the jury are fully warranted in finding that such was his intention." (*Id.* at p. 549, italics omitted.) The fact that the defendant's threat was conditional on the victim's refusal to leave the land was immaterial, so long as the defendant was willing to carry out the threat if the victim refused to comply. (*Id.* at pp. 548–549.)

These cases remain good law despite their age.[2]  (See
1 Witkin, Cal. Criminal Law (4th ed. 2021) Crimes Against the
Person, § 45; *People v. Lipscomb* (1993) 17 Cal.App.4th 564, 570.)
A reasonable jury could have concluded that Canedos, by drawing
the knife and holding it within striking distance of O.S., and
threatening to stab her if she did not comply with his demands,
took sufficient action to be guilty of assault with a deadly
weapon.

### B.    *Brandishing Is Not a Lesser Included Offense*

Canedos contends that the trial court erred by failing to
instruct the jury on brandishing a weapon (§ 417, subd. (a)(1)),
which he alleges is a lesser included offense of assault with a
deadly weapon.  We disagree.

"[A] lesser offense is necessarily included in a greater
offense if either the statutory elements of the greater offense, or
the facts actually alleged in the accusatory pleading, include all
the elements of the lesser offense, such that the greater cannot be
committed without also committing the lesser."  (*People v. Birks*

---

[2] The Supreme Court's decision in *In re B.M.* (2018)
6 Cal.5th 528, which Canedos cites in his reply brief, does not
call these cases into question.  In *B.M.*, the court reversed the
judgment of assault with a deadly weapon because the manner
in which the juvenile defendant used a butter knife against the
victim was not likely to cause death or great bodily injury.  (*Id.*
at pp. 536–537.)  There the defendant "used the butter knife
only in the area of [the victim's] legs, which were covered with
a blanket."  (Id. at p. 535.)  This is not relevant to the current
case, where the butcher knife Canedos used against O.S. was
much more likely to cause serious injury than a butter knife,
and where there was evidence that he threatened to stab O.S.
in or near her face.

7

(1998) 19 Cal.4th 108, 117.) "[E]ven absent a request, and even over the parties' objections, the trial court must instruct on a lesser offense necessarily included in the charged offense if there is substantial evidence the defendant is guilty only of the lesser." (*Id.* at p. 118.) If a crime does not fit the definition of a lesser included offense, and is merely a lesser-related offense, the defendant is not entitled to an instruction on the offense. (*Id.* at p. 136.)

Brandishing is not a lesser included offense of assault with a deadly weapon under the elements test. As the court explained in *People v. Steele* (2000) 83 Cal.App.4th 212, although a defendant will ordinarily brandish a weapon before using it to assault the victim, "it is theoretically possible to assault someone with a firearm without exhibiting the firearm in a rude, angry or threatening manner, e.g., firing or pointing it from concealment, or behind the victim's back." (*Id.* at p. 218.) The same is true of assaults with deadly weapons other than firearms, such as knives, and we see no reason to depart from the court's reasoning in *Steele*.

Nor is brandishing a lesser included offense in this case under the accusatory pleading test. The accusatory pleading— in this case, the information—alleged that Canedos "did willfully and unlawfully commit an assault upon [O.S.] with a deadly weapon, to wit, knife." Other than specifying the weapon, this pleading "does little more than repeat the statutory definition of [assault with a deadly weapon] from the Penal Code, and does not supply the additional elements that would encompass" brandishing. (*People v. Munoz* (2019) 31 Cal.App.5th 143, 155 (*Munoz*).)

Canedos contends that brandishing is nevertheless a lesser included offense in this case under the "expanded accusatory pleading test" that the court applied in *People v. Ortega* (2015) 240 Cal.App.4th 956, 967.  The expanded accusatory pleading test requires the trial court to consider the facts derived from the preliminary hearing as part of the accusatory pleading.  (See *id.* at pp. 968–970.)  If those facts include all the elements of a lesser offense, and if there is substantial evidence that the defendant committed only the lesser offense, then the court must instruct the jury on the lesser offense.  (*Id.* at pp. 970–971.)

We considered and rejected the expanded accusatory pleading test in *Munoz.*  In that case, we noted that "many Supreme Court cases . . . stat[e] that the accusatory pleading test looks solely to the language of the pleading itself." (*Munoz, supra*, 31 Cal.App.5th at p. 158.)  In particular, two Supreme Court cases, *People v. Montoya* (2004) 33 Cal.4th 1031, 1036 and *People v. Ortega* (1998) 19 Cal.4th 686, 698, disapproved a Court of Appeal case[3] for looking beyond the accusatory pleading itself to the preliminary hearing evidence to determine whether an offense was a lesser included offense.  "Whatever the merit of [Canedos's] arguments, on which we express no opinion, we are bound by Supreme Court authority (see *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455 . . . ), which makes clear that we are not to look beyond the language of the accusatory pleading itself in assessing lesser included offenses." (*Munoz, supra*, 31 Cal.App.5th at p. 158.)

---

[3] *People v. Rush* (1993) 16 Cal.App.4th 20.

Thus, brandishing is not a lesser included offense of assault with a deadly weapon, and the trial court did not err by failing to instruct the jury on it.

## DISPOSITION

The judgment is affirmed.
NOT TO BE PUBLISHED.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


CRANDALL, J.*

---

\* Judge of the San Luis Obispo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.